## A05A1000. THE STATE v. LAMBERT.
(624 SE2d 174)

SMITH, Presiding Judge.

This appeal arises out of the trial court's order granting the plea in bar and motion to dismiss filed by Ernest Lambert. Lambert was acquitted of murder, felony murder and other charges. The jury, however, could not reach a verdict on the separate charge of kidnapping with bodily injury, a charge which also constituted the felony underlying the felony murder charge. The trial court granted a mistrial on the kidnapping charge and later granted Lambert's plea in bar and motion to dismiss, made on the ground that retrial on the kidnapping charge would violate federal and state prohibitions against double jeopardy. Because we conclude that the acquittal on the felony murder charge did not necessarily imply acquittal on the kidnapping charge, and because retrial on the kidnapping charge is permissible under the doctrine of continuing jeopardy, we reverse.

<hr>

[6] OCGA § 15-11-40 (b).

Along with several co-defendants, Lambert was charged with malice murder, felony murder, kidnapping with bodily injury, and concealing the death of another.[1] Lambert and co-defendants Raymond Lambert and John Walker were tried together before a jury. Raymond Lambert was acquitted of all charges. Walker was convicted only of concealing the death of another. Lambert was acquitted of malice murder, felony murder, and concealing the death of another. As previously stated, the trial court declared a mistrial on the kidnapping charge after the jury was unable to reach a verdict on that charge. The State appeals from the dismissal of the kidnapping charge, arguing that retrial would not cause Lambert to be placed in jeopardy twice on that charge.

It is axiomatic that, among other things, "[t]he Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal." (Citation and punctuation omitted.) *Brown v. Ohio*, 432 U. S. 161, 165 (II) (97 SC 2221, 53 LE2d 187) (1977). The test for determining whether two offenses constitute the "same offense" for double jeopardy purposes is set out in *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of [an additional] fact which the other does not. [Cit.]" Id. at 304. Relying largely on *Blockburger*, Lambert argues that "the felony murder charge of which [he] was acquitted was based on the very same facts which [the State] alleged supported the kidnapping with bodily injury charge" and that "the State was barred from further prosecuting [him] for the kidnapping with bodily injury since it was, fundamentally, the same offense for which he'd been acquitted." We do not agree with Lambert's reasoning.

The medical examiner testified that she received nine body parts, which she identified as belonging to the victim. Several other witnesses testified on behalf of the State, most of them friends or acquaintances of the defendants and the victim. Those witnesses placed Lambert on the scene during several events: when the victim was observed bound and alive in a car trunk before being dragged away; when the victim was transported in another car to a basement where he was apparently beaten to death; when witnesses observed blood, a bloody chainsaw, and black plastic garbage bags in the basement; and when witnesses assisted in the moving and burial of the bags, which contained human body parts.

---

[1] Two co-defendants not involved in this appeal were charged with tampering with evidence.

The Georgia Supreme Court has stated that "[i]t is clear that the underlying felony of a felony murder conviction is a lesser-included offense of the felony murder. [Cits.]" *Perkinson v. State*, 273 Ga. 491, 494 (542 SE2d 92) (2001). And under the *Blockburger* test, "[f]or double jeopardy purposes, a lesser-included and a greater offense are the 'same offense' under the Fifth Amendment because the lesser offense requires no proof beyond that which is required for the conviction of the greater offense. [Cits.]" Id. A conviction for the offense of felony murder requires proof that the victim was killed during the commission of a felony. OCGA § 16-5-1 (c). Kidnapping with bodily injury is a felony, punishable by life imprisonment or death. OCGA § 16-5-40 (b). A conviction for the crime of kidnapping with bodily injury requires no additional facts than those required to prove felony murder by kidnapping with bodily injury. Therefore, under a *Blockburger* analysis, the felony murder and kidnapping constitute the same offense. As stated in *Griffin v. Indiana*, 717 NE2d 73 (Ind. 1999),[2] however, this analysis alone does not

> always determine whether there is a double jeopardy violation because the "same offense" issue is only one aspect of double jeopardy jurisprudence.
>
> Other aspects of federal double jeopardy jurisprudence are relevant to this case. Even though two or more charged offenses may constitute the "same offense" under the *Blockburger* test, a defendant may be tried in the same proceeding for multiple offenses, including greater and lesser included offenses, because the jeopardy is simultaneous.

(Citations and footnote omitted.) Id. at 78 (1).

If a defendant is found guilty of both felony murder and the underlying felony, the conviction for the underlying felony merges with the felony murder conviction. See, e.g., *Garrett v. State*, 263 Ga. 131, 132 (2) (429 SE2d 515) (1993); *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). But it does not necessarily follow that double jeopardy bars retrial when a trial ends in an acquittal of felony murder and a mistrial on the underlying felony.

The facts of this case are similar to those of *Griffin*, supra, in which the jury acquitted the defendant of felony murder but could not reach a verdict on charges of conspiracy and robbery. Id. at 75. In a second trial, he was convicted of robbery and conspiracy to commit

---

[2] Although *Griffin* does not constitute binding authority, *Colonial Life & Accident Ins. Co. v. Heveder*, 274 Ga. App. 377, 379 (618 SE2d 39) (2005), we find the reasoning of the Indiana Supreme Court in that case to be instructive here.

robbery. Id. Among other things, he contended on appeal that retrial on the conspiracy and robbery charges violated his double jeopardy rights. The Indiana Supreme Court rejected these arguments, stating as follows:

> From the rule that a defendant may not be convicted and sentenced for both felony murder and the underlying felony it does not logically follow that a defendant's federal double jeopardy rights are violated when, in one trial, a defendant is acquitted of felony murder . . . retried for the underlying felony because the first trial resulted in a mistrial on that charge, and then convicted and sentenced for the underlying offense. While the State is required to prove all the essential elements of the felony murder *including the underlying felony* in order for the jury to convict the defendant of felony murder, a verdict of acquittal on the felony murder charge would not necessarily require the jury to have found the underlying felony was not proven. Stated differently, in order to acquit of felony murder, the fact-finder would not necessarily have determined that the underlying felony was not proven.

(Citations and footnotes omitted.) Id. at 81.

While the jury in this case apparently concluded that the State failed to meet its burden of proving Lambert's involvement in the victim's death, it does not necessarily follow that the jury also concluded that Lambert was uninvolved in the kidnapping as well. A reasonable jury could have based its acquittal on the felony murder charges on factors other than Lambert's participation in the crimes that preceded the homicide. The actual time and method of the victim's death were unknown, and the jury may have concluded that the kidnapping and the homicide were distinct and separate crimes committed by different individuals. Like the Indiana Supreme Court in *Griffin,* we "cannot conclude that the acquittal on the felony murder charge resulted from any failure by the State to prove the elements of the [kidnapping]. The jury could not reach a verdict on the [kidnapping] charge[ ], and, for this reason, the judge declared a mistrial" with respect to that charge. Id. at 81. "If the State had failed to prove the . . . underlying felony, we presume that the jury would have reached a verdict of acquittal." Id.

Retrial on the kidnapping charge will not constitute a "separate prosecution . . . , which would be a clear violation of the double jeopardy bar to successive prosecutions. [Cits.]" *Perkinson,* supra, 273 Ga. at 495-496. The Supreme Court of Georgia "consistently has

held that, under the double jeopardy provision in Georgia's constitution, if a jury cannot agree upon a verdict in a criminal case, the trial judge may declare a mistrial, and the accused may then be tried a second time for the same offense." (Citation and punctuation omitted.) *Rower v. State*, 267 Ga. 46 (472 SE2d 297) (1996). See also *Taylor v. State*, 238 Ga. App. 753 (520 SE2d 267) (1999); *State v. Archie*, 230 Ga. App. 253 (495 SE2d 581) (1998). As stated in *United States v. Larkin*, 605 F2d 1360 (5th Cir. 1979), "an acquittal on a greater offense does not preclude a retrial on a lesser offense to which continuing jeopardy has attached, and this result obtains whether the applicability of continuing jeopardy results from an appellate reversal of a conviction . . . or from a mistrial caused by a deadlocked jury. [Cits.]" Id. at 1369 (I). The trial court erred in granting Lambert's motion to dismiss.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED NOVEMBER 8, 2005 —
RECONSIDERATION DENIED DECEMBER 6, 2005 —

*Paul L. Howard, Jr., District Attorney, Kimberly Staten-Hayes, Elizabeth A. Baker, Assistant District Attorneys*, for appellant.
*Shannon N. Weathers, Carl P. Greenberg*, for appellee.