## A06A2388. JONES v. THE STATE.
(642 SE2d 865)

BERNES, Judge.

Shawntina Jones appeals the trial court's denial of her motion for discharge and acquittal, alleging that her Sixth Amendment right to a speedy trial has been violated. For the following reasons, we reverse.

In late January and early February 2003, investigators with the Long County MACE Drug Task Force received several reports that co-defendants Eddie Goodwin and Kelvin Johnson were dealing drugs from a trailer residence in the Pine Meadows mobile home park. As a result of the information, the investigators arranged for a confidential informant to conduct a controlled buy. During the controlled buy, the confidential informant purchased two rocks of cocaine from Goodwin at the residence. Based upon this information, the officers obtained a search warrant, which they executed in the morning hours of February 19, 2003.

When the investigators entered the trailer, they observed Goodwin sleeping on the living room couch, Johnson in a bedroom to the right of the living room, and Jones sleeping in a back bedroom. During the search, the investigators seized crack cocaine, marijuana, beer, weapons, and mechanical scales.

The drugs were concealed in various locations around the trailer, and no drugs, beer, or scales were found in Jones' immediate presence. In the bedroom where Jones was found, the investigators seized a weapon and currency in a pair of blue jeans that had a belt inscribed with the name "Eddie."

Each of the co-defendants was placed under arrest and jointly charged with possession of cocaine with intent to distribute, possession of a firearm during commission of a felony, possession of marijuana, and possession of alcohol by a minor. Goodwin also was charged with sale of cocaine based on the controlled buy.

On February 20, 2003, one day following her arrest, Jones was granted a bond and released from custody. However, she and her co-defendants were not indicted until approximately six months later. Two years after her indictment, on August 31, 2005, a jury was selected for the trial of Jones and Goodwin, which was scheduled to commence on September 14, 2005. However, the trial did not take place because two days before the scheduled trial, the trial court granted the state a continuance ex parte. The state had informed the trial court that it could not locate the confidential informant, who purportedly had been working on a Louisiana oil rig when Hurricane Katrina struck.

By March 2006, the state was still unable to locate the confidential informant and consequently nolle prosequied the controlled buy

case against Goodwin. That same month Johnson entered a negotiated guilty plea to the drug and alcohol charges alleged in the indictment. In the meantime, through no fault of her own, Jones was appointed her *fifth* court-appointed attorney. When Jones had not been tried by April 2006, her attorney filed a motion for discharge and acquittal, alleging that her right to a speedy trial guaranteed by the Sixth Amendment had been violated. Following the conduct of a hearing, the trial court found that Jones had indeed been prejudiced by the delay in trial but denied the motion based on the fact that Jones' attorneys had not "filed a motion for speedy trial, nor asserted her right in any other way, except to announce ready for trial for a period of two years."

"A speedy trial is guaranteed an accused by the Sixth Amendment to the Constitution of the United States, and also . . . Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution." (Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citation and punctuation omitted.) Id. "We will not reverse a trial court's ruling on a constitutional speedy trial claim absent an abuse of discretion." *Hardeman v. State*, 280 Ga. App. 168, 169 (633 SE2d 595) (2006). We review Jones' claim of error, addressing each of the *Barker* factors below.

1. *Length of delay.* The right to a speedy trial "attach[es] at the time of arrest or when formal charges are brought, whichever is earlier." *Boseman*, 263 Ga. at 731 (1). The record reflects that delay in this case was over three years. We have held on many occasions that "any delay approaching a year" is presumptively prejudicial. *Hardeman*, 280 Ga. App. at 169 (1) (25-month delay); *Boseman*, 263 Ga. at 732 (1) (a) (27-month delay); *Hall v. State*, 131 Ga. App. 786, 787 (206 SE2d 644) (1974) (34-month delay).

2. *The reason for the delay.* "At the outset, we note that nowhere in the record does it show that the [s]tate has deliberately attempted to delay the trial in order to hamper the defense, a serious abuse that would be weighed against the [s]tate." *Boseman,* 263 Ga. at 732 (1) (b). However, the record is silent with regard to the vast majority of the more than three-year delay in this case.[1] "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Citation and punctuation omitted.) *Hester v. State,* 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004). "Since the primary burden is *on the prosecutor and the court* — not the defendant — to bring the case to trial," the delay occasioned in this case weighs against the state. (Emphasis in original.) Id.

3. *Defendant's assertion of the right to a speedy trial.* "While the state has a duty to bring the defendant to speedy trial, the defendant has a responsibility to assert that right." (Citations and punctuation omitted.) *Bass v. State,* 275 Ga. App. 259, 261 (3) (620 SE2d 184) (2005). It is undisputed that Jones failed to file a demand to assert her right to a speedy trial until more than three years after her arrest. The trial court weighed this factor heavily against Jones and in fact, treated it as dispositive. We conclude that the trial court abused its discretion in this regard.

Jones was shuffled among five different attorneys during the three-year period that she waited to be tried. On February 19, 2003, the date of her arrest, Jones filed an application for appointment of counsel and certificate of financial resources for representation by a public defender. Jones' first appointed counsel filed an entry of appearance on March 3, 2003. Thereafter, Jones' first counsel re-signed in April 2004 after being appointed as a magistrate judge. Her second counsel was appointed on April 16, 2004, but was replaced in February 2005 after the creation and implementation of the state-wide public defender system. The case was then reassigned from Jones' third counsel to her fourth counsel in August 2005. Jones' fourth counsel handled the case through jury selection and prepared for the scheduled September 14, 2005 trial, but she later resigned to accept a position with the Atlantic Circuit District Attorney's Office in December 2005. Jones' fifth counsel is her current counsel.[2]

---

[1] The record reflects that no more than a three-week delay was attributable to Jones. Another approximately six months is arguably attributable to co-defendant Goodwin based on requests for continuance by his counsel and his at-large status on an outstanding bench warrant.

[2] Thus, this is not a case in which Jones retained and fired several private counsel, and the record does not reflect that Jones expressed dissatisfaction or repeatedly requested the replacement of her appointed counsel. Nor is there any evidence in the record that Jones, who

That Jones was repeatedly assigned new attorneys serves as a mitigating circumstance that prevents Jones' failure to assert her right to a speedy trial from weighing heavily against her. This is particularly true here, where Jones and co-defendant Goodwin had divergent interests as to whether a speedy trial should be sought but were jointly represented by the same counsel until the appointment of Jones' separate third counsel in February 2005. Thus, the failure of Jones to demand a speedy trial should not have been weighed heavily against her. See *Hester*, 268 Ga. App. at 98 (3).

4. *Prejudice to the defendant.* Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U. S. at 532 (IV). These interests are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." (Footnote omitted.) *Barker*, 407 U. S. at 532 (IV). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.

Here, in addition to finding that Jones experienced undue anxiety from the delay, the trial court found that Jones had suffered actual prejudice because her defense had been impaired through the loss of the state's confidential informant, whose testimony would have been critical to her defense. To carry the burden of showing prejudice due to the unavailability of a witness, Jones was required to show that the missing informant could supply material evidence for the defense. See *State v. Allgood*, 252 Ga. App. 638, 640 (4) (556 SE2d 857) (2001). We conclude that the trial court correctly found that Jones carried her burden under the circumstances here.

The record demonstrates that the case against Jones was circumstantial and based primarily upon her presence at the scene during the execution of the search warrant. But, "[e]vidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Hardeman*, 280 Ga. App. at 171 (4). As such, Jones argued that the confidential informant's expected testimony was crucial because it could have shown that although she was present at the scene, she had no involvement in the drug dealing that was going on there. We agree.

An investigator involved in the case testified that he had received a confidential report regarding heavy traffic and drug activity at a

was 18 years of age at the time of her arrest, was a "seasoned" defendant fully cognizant of her constitutional rights. See *Goodman v. Davis*, 249 Ga. 11, 14 (287 SE2d 26) (1982); *Strickland v. State*, 185 Ga. App. 444, 445 (364 SE2d 872) (1987).

residence said to be occupied by Goodwin and Johnson. Prior to the issuance of the search warrant resulting in this case, the investigation team arranged for a confidential informant to make a controlled buy of cocaine at the residence, and the confidential informant reported back that he had purchased cocaine from Goodwin. Jones' name was not mentioned by the confidential informant as having participated in the drug sale. Likewise, when the search warrant was executed, the only evidence seized from the bedroom where Jones was found was a shotgun and currency in a pair of blue jeans that had a belt inscribed with the name "Eddie." Moreover, the drugs themselves that were seized had been concealed and thus were not in plain view.

As such, the record reflects that the confidential informant's testimony, if accepted as true by a jury, would have established that Goodwin was known to deal drugs from the residence, but would have called into question Jones' involvement in the drug dealing. Thus, the informant's testimony would have "lent credence to [Jones'] claim that although [she] was present, [she] was there for an entirely innocent purpose and was not involved in the illegal activity discovered by the police." *Hardeman*, 280 Ga. App. at 171 (4). It follows that "the delay deprived [Jones] of the potential benefit of this witness. . . . The harm to [Jones'] case, under these circumstances, is not simply the inaccessibility of [this] possible witness[ ], but rather the deprivation of the opportunity to investigate and develop [her] defense when such was meaningful." *Lett v. State*, 164 Ga. App. 584, 586 (4) (298 SE2d 541) (1982). Prejudice has therefore been shown from the delay in this case. Id.

In conclusion, it is clear that three of the four *Barker* factors weighed in favor of Jones, and the one factor (the assertion of her right) that weighed against her did not do so heavily. Accordingly, we conclude that Jones was denied her constitutional right to a speedy trial, and therefore the trial court abused its discretion in denying her motion for discharge and acquittal. See *State v. Redding*, 274 Ga. 831 (561 SE2d 79) (2002); *Hardeman*, 280 Ga. App. 168; *Hester*, 268 Ga. App. 94; *Allgood*, 252 Ga. App. 638; *State v. Yates*, 223 Ga. App. 403 (477 SE2d 670) (1996); *Lett*, 164 Ga. App. 584.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 1, 2007.

*Jason R. Clark*, for appellant.

*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney,* for appellee.

*James C. Bonner, Leigh S. Schrope,* amici curiae.