A08A2026. GREEN v. THE STATE.
(672 SE2d 414)

JOHNSON, Presiding Judge.

Thomas Green was arrested on August 5, 2005, for possession of cocaine with intent to distribute. He was not formally accused by the district attorney until January 29, 2008. On May 5, 2008, Green filed a motion to dismiss on the ground that his constitutional right to a speedy trial had been violated. The trial court denied the motion, and Green appealed. For the reasons that follow, we affirm.

There are two benchmark cases used in deciding all constitutional speedy trial claims under the Sixth Amendment and the Georgia Constitution: *Doggett v. United States*[1] and *Barker v. Wingo*.[2] These two cases detail the analysis that courts must follow. First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial."[3] If not, the speedy trial claim fails. If, however, the delay is deemed presumptively prejudicial, the court must then apply a four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial. The four factors include (a) whether delay before trial was uncommonly long, (b) whether the government or the criminal defendant is more to blame for that delay, (c) whether, in due course, the defendant asserted his right to a speedy trial, and

---

[8] See *McCart*, supra at 833 (2).
[1] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).
[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[3] *Doggett*, supra at 652, n. 1; *Barker*, supra at 530.

(d) whether the defendant suffered prejudice as a result of the delay.[4] These factors do not constitute an exhaustive list and must be considered together with other relevant circumstances.[5] And, we will not reverse a trial court's ruling on a constitutional speedy trial claim absent an abuse of discretion.[6]

1. Green first asserts the trial court failed to make a finding whether the delay between his arrest and the motion was sufficiently long to be considered "presumptively prejudicial." However, such a specific finding was not necessary in this case. It has been well established that any delay over a year is presumptively prejudicial.[7] Here, a period of nearly three years passed between the time of Green's arrest and the time a hearing was held on the motion to dismiss. Thus, the delay in the present case was presumptively prejudicial. The trial court recognized this fact and applied the four-factor balancing test to determine whether Green had been deprived of his right to a speedy trial.

2. Green next asserts the trial court failed to make a finding whether the delay before the motion date was uncommonly long. However, the trial court obviously considered this factor when it determined that the delay was presumptively prejudicial and required the balancing test.[8] Furthermore, the trial judge, after hearing argument from both sides regarding the balancing test factors, specifically noted that she had considered "all the . . . criteria required by law" in rendering her decision.

3. Green claims the trial court failed to make a finding whether the government or Green was more to blame for the delay. Again, however, it is clear from the record that the state was more to blame for the delay. Here, no specific reason for the delay was offered by either party. In such a circumstance, we must treat the delay as caused by the negligence of the state and weigh the factor against the state.[9] However, since there is no evidence that the state deliberately attempted to delay the trial in order to hamper the defense, this is a "relatively benign . . . negative factor" and need not be weighted heavily.[10]

4. Green contends the trial court erred in finding that his delay in asserting his speedy trial right was dispositive of the motion to

[4] *Dogget*, supra at 651; *Barker*, supra at 530.
[5] *Barker*, supra at 533.
[6] *Jones v. State*, 283 Ga. App. 838, 839 (642 SE2d 865) (2007).
[7] See id. at 839 (1).
[8] See id. (considering the length of delay factor in conjunction with the presumptively prejudicial analysis).
[9] See *Boseman v. State*, 263 Ga. 730, 733 (1) (b) (438 SE2d 626) (1994).
[10] *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984).

dismiss. However, the record shows that while the trial court heavily weighed against Green the fact that Green did not assert his right to a speedy trial until nearly three years after he was arrested, it was not the only factor that the trial court weighed against him. As we discuss in Division 6 of this opinion, the trial court properly weighed the prejudice factor against Green. As for the delay factor, the trial court did not err in heavily weighing Green's delay in asserting his speedy trial right against him.[11]

"Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert [his] right to a speedy trial."[12] Thus, while the state bears the burden to ensure that individuals accused of crimes are brought to trial in a timely manner, the accused bears the responsibility to invoke the speedy trial right and put the government on notice that he, unlike other criminal defendants released on bond pending trial, would prefer to be tried as soon as possible.[13] A defendant who fails to assert the speedy trial right at any point in the trial court will have an extremely difficult time establishing a violation of his constitutional right to a speedy trial.[14] Moreover, invocation of the speedy trial right does not need to wait until indictment, accusation, or other formal charge; the accused can begin demanding a speedy trial as soon as he is arrested.[15]

Here, the trial court found that Green failed to assert his right to a speedy trial in due course. While Green argues that he was appointed numerous counsel during the course of the delay and this fact should mitigate against weighing the delay heavily against him, the record shows that Green was represented by the same attorney from August 9, 2005, following his arrest, until February 19, 2008, when a second attorney attended his arraignment. Two days later, a third attorney was appointed. Contrary to Green's assertion, this case is not similar to *Jones v. State*,[16] where the defendant was shuffled among five different attorneys during the three-year period that she waited to be tried. The trial court correctly weighed this consideration against Green.

5. Green asserts the trial court erred in finding that he failed to assert his right to a speedy trial, noting that he did, in fact, assert his right to a speedy trial by filing his motion to dismiss on May 1, 2008. We agree that Green's motion to dismiss asserted his right to a

---

[11] See *Haisman v. State*, 242 Ga. 896, 898-899 (2) (252 SE2d 397) (1979).

[12] (Citation omitted.) *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999).

[13] *Ruffin v. State*, 284 Ga. 52, 62 (2) (b) (iii) (663 SE2d 189) (2008).

[14] Id.

[15] Id. at 63.

[16] Supra.

speedy trial. However, we disagree with Green's contention that the trial court found he had failed to assert his right despite the filing of his motion to dismiss. It is clear from the record that the trial court's comment regarding Green's failure to assert his right to a speedy trial was intended to refer to the three-year period prior to the time Green filed his motion to dismiss. This enumeration of error lacks merit.

6. Green contends the trial court erred in balancing the *Barker-Doggett* factors. We find no error. Not only did Green fail to timely invoke his right to a speedy trial, but he failed to establish prejudice as a result of the delay.

Prejudice may be established by showing oppressive pretrial incarceration, anxiety, and concern on the part of the defendant, or impairment of the accused's defense.[17] Of these three forms of prejudice, the last form is the most serious because the inability of a defendant to adequately prepare his defense affects the fairness of the justice system.[18]

Here, Green has spent the last three years out on bond, so there is no oppressive pretrial incarceration. As for anxiety and concern, these factors are present in every case and "absent some unusual showing [are] not likely to be determinative in defendant's favor."[19] While Green alleges that the delay caused him extreme anxiety because he is now established in Virginia and has custody of his children, there is no evidence in the record specifically demonstrating Green's anxiety and concern due to the delay in trying his case. This is especially true given the fact that Green chose not to alleviate his anxiety and concern by filing a speedy trial demand during the three-year period he was out on bond. And while Green contends the delay in trying him prejudiced his defense by diminishing the ability of the witnesses to recall the events surrounding the offense, the record does not show any actual prejudice to Green's defense. As a result, the fourth factor of the balancing test weighs against Green.

When reviewing a grant or denial of a motion to dismiss based on speedy trial grounds, we must give deference to the trial court's findings of fact and its weighing of disputed facts.[20] Our question on appeal is whether the trial court abused its discretion in ruling that a defendant's speedy trial rights were or were not violated.[21]

Under the circumstances in the present case, including the facts that Green suffered no impairment to his defense, the most impor-

---

[17] *Harris v. State*, 284 Ga. 455 (667 SE2d 361) (2008).

[18] Id.

[19] (Citation and punctuation omitted.) *Boseman*, supra at 733 (1) (d).

[20] *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

[21] Id.

tant prejudice component of the speedy trial equation, and that Green waited nearly three years before asserting his right to a speedy trial, a central component in many of our decisions to affirm a trial court's judgment denying a defendant's motion to dismiss,[22] we conclude that the trial court did not abuse its discretion in denying Green's motion to dismiss.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 12, 2008 —
RECONSIDERATION DENIED JANUARY 8, 2009 — ▮

*James W. McIlvaine*, for appellant.
*Stephen D. Kelley, District Attorney, Robert German, Jr., Assistant District Attorney*, for appellee.

---

[22] See *Ruffin*, supra at 66 (3) ("Central to our decision to affirm the trial court's judgment is the fact that [the defendant] asserted the speedy trial right relatively late in the process.").