A09A1872. LAMBERT v. THE STATE.
(692 SE2d 15)

SMITH, Presiding Judge.

Ernest Lambert appeals from the denial of his motion to dismiss the indictment against him for violation of his constitutional right to a speedy trial. We affirm.

The chronology of events is undisputed here. The record reveals that on April 16, 2002, Lambert and five others were indicted on various charges, including malice murder, felony murder, kidnapping with bodily injury, and concealing the death of another.[1] Two of

---

[22] Id.

[23] See id.; *Stop & Shop Supermarket Co.,* supra.

[1] The medical examiner testified that she received nine body parts, which she identified as belonging to the victim. Several other witnesses testified on behalf of the State, most of them friends or acquaintances of the defendants and the victim. Those witnesses placed Lambert on the scene during several events: when the victim was observed bound and alive in a car trunk before being dragged away; when the victim was transported in another car to a basement where he was apparently

Lambert's co-defendants were charged with tampering with evidence. A jury acquitted Lambert of malice murder, felony murder, and concealing the death of another, and deadlocked on the kidnapping count. The trial court declared a mistrial on that count on October 9, 2003, and Lambert was released on bond in December 2003.

On July 12, 2004, Lambert filed a plea in bar asserting that a retrial on the kidnapping charge was barred on double jeopardy grounds. The trial court granted the motion on August 23, 2004, and the State appealed. On November 8, 2005, this court reversed the grant of the plea in bar finding that a retrial on the kidnapping charge was permissible. See *State v. Lambert*, 276 Ga. App. 668 (624 SE2d 174) (2005). The remittitur was returned to the superior court on June 9, 2006.

Lambert filed a motion to sever his case from that of his remaining co-defendant, Chaunson McKibbens. That motion was granted on July 31, 2006. Lambert's case was scheduled for a case management conference on August 23, 2006, but was "further noticed." On November 13, 2007, the trial court elected to try McKibbens first, but due to the unavailability of his counsel, McKibbens was not tried until March 3, 2008. McKibbens's trial ended with a conviction in April 2008.

The State reindicted Lambert on June 10, 2008, but the indictment was dismissed on August 8, 2008 due to defects in its form. Lambert was reindicted under the current indictment on October 24, 2008, and his case was specially set to be tried on December 15, 2008.

Lambert filed a motion to dismiss the indictment on November 14, 2008, asserting that he was denied the right to a speedy trial. Following a hearing, the trial court denied the motion to dismiss, and Lambert now appeals, contending that the court "improperly weighed the reason for the delay and the prejudice to the defendant."

> In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy

---

beaten to death; when witnesses observed blood, a bloody chainsaw, and black plastic garbage bags in the basement; and when witnesses assisted in the moving and burial of the bags, which contained human body parts.
*State v. Lambert*, 276 Ga. App. 668, 669 (624 SE2d 174) (2005).

trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal.

(Citations and punctuation omitted.) *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). "With these four *Barker v. Wingo* factors in mind, the question is whether the trial court abused its discretion in ruling that [the defendant's] speedy trial rights were [not] violated." (Citations and punctuation omitted.) Id.

The trial court found that the length of the delay was seven years from Lambert's arrest to his second trial and that the delay was presumptively prejudicial and weighed in favor of Lambert. The court found that the reason for the delay was largely attributable to the unavailability of McKibbens's counsel, and that neither Lambert nor the State deliberately or negligently delayed Lambert's retrial. The court concluded that the reason for the delay was therefore neutral and did not weigh against either Lambert or the State. The court found further that Lambert failed to timely assert his right to a speedy trial, and that the stresses experienced by Lambert "are consistent with those typically experienced by any defendant awaiting trial on a murder charge." The court concluded that "the first *Barker* factor weighs in favor of Lambert, the second factor was neutral, and the third and fourth factors weighed in favor of the State," and denied Lambert's plea in bar.

We will examine each of the *Barker* factors in turn.

1. *Length of the delay.* In this case, the delay "must be computed from the most recent remittitur to the trial court." *Chambers v. State*, 213 Ga. App. 414, 415 (1) (a) (444 SE2d 820) (1994). The remittitur from the State's successful appeal was returned to the trial court on June 6, 2006, and Lambert filed his plea in bar on November 14, 2008. The 29-month delay here is presumptively prejudicial. See id. (delay approaching one year is presumptively prejudicial).

2. *Reason for the delay.* On July 31, 2006, six weeks after the remittitur was returned to the trial court, Lambert was successful in severing his trial from McKibbens's. The trial court desired to try McKibbens first apparently because he was incarcerated and Lambert was not. But due to the unavailability of McKibbens's trial counsel, that case was not tried until March 2008.

Lambert takes issue with the trial court's conclusion that the reason for this delay is attributable to neither party. The State contends that Lambert did not object to McKibbens being tried first and that, in any case, there is no evidence of a deliberate attempt by the State to delay the trial or hamper the defense. But where "jail cases" are given priority over "bond cases," the "ultimate respon-

sibility for such circumstances must rest with the government rather than with the defendant." *Ingram v. State*, 280 Ga. App. 467, 469-470 (1) (b) (634 SE2d 430) (2006). "However, these reasons are weighed less heavily against the [S]tate than a deliberate attempt to delay." Id. at 470 (1) (b); see *Jackson v. State*, 279 Ga. 449, 453 (3) (614 SE2d 781) (2005).

Following McKibbens's conviction, the State reindicted Lambert on June 10, 2008, but that indictment was later dismissed. The State did not successfully reindict Lambert until October 2008. The six-month delay from McKibbens's April 2008 conviction until the current indictment is a "relatively benign, although negative, factor." (Citations omitted.) *Layman v. State*, 284 Ga. 83, 85 (663 SE2d 169) (2008) (State's inability to draft perfect indictment relatively benign though negatively weighed).[2]

3. *Assertion of the right to a speedy trial.* "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Falagian v. State*, 300 Ga. App. 187, 189 (1) (c) (684 SE2d 340) (2009). Here, Lambert did not assert his constitutional right to a speedy trial until nearly five years after he was released following the mistrial on the kidnapping count, and only one month before his second trial. Since he "failed to timely assert his right to a speedy trial, such failure is entitled to strong evidentiary weight against him." (Citations and punctuation omitted.) Id.

4. *Prejudice.* Lambert argues that he suffered stress and anxiety in the delay of his trial, and that he suffered prejudice because of the "impairment of witness[es]' memories."

> The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired. The determination of whether the defendant's ability to raise a defense was impaired by the delay is most significant to the prejudice analysis.

(Citations and punctuation omitted.) *Thomas v. State*, 296 Ga. App. 231, 235 (2) (d) (674 SE2d 96) (2009). "[T]o establish prejudice, the defendant must show *actual* anxiety and concern and *specific evidence* of how the delay impaired his ability to defend himself."

---

[2] We note that the unexplained delay of nine months between Lambert's acquittal on the other counts and his plea in bar on double jeopardy grounds, must also be weighed against the State. See *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994).

(Citations and punctuation omitted; emphasis in original.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001).

With regard to the first consideration regarding prejudice, Lambert was not incarcerated after his release following the mistrial. Lambert did, however, present testimony concerning his anxiety and concern. Lambert testified that he lived in Memphis and traveled to Atlanta on several occasions to appear in court at his expense, and that he lost two jobs as a result of having to travel so frequently. He stated that his family had abandoned him because they believed he was guilty, and that he suffered anxiety because even though he had been acquitted of murder, he was still known as "the chainsaw murderer."

> This court has recognized that arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment. As such general burdens are always present to some extent, they fall short of establishing some unusual showing that would balance this factor significantly, if at all, in [the defendant's] favor. Moreover, while the minimization of a defendant's anxiety and concern is a factor to be considered in determining prejudice, the broader concern is actual prejudice to the conduct of the defense.

(Citations, punctuation and footnotes omitted.) *Watkins v. State*, 267 Ga. App. 684, 686-687 (d) (600 SE2d 747) (2004). Although much of Lambert's testimony shows only that his anxiety was the result of his being charged with murder and jailed during the pendency of the first trial, his testimony that he lost two jobs because he had to travel to court on multiple occasions is evidence of anxiety and concern. But Lambert "chose not to alleviate his anxiety and concern by filing a speedy trial demand" for five years following the mistrial on the kidnapping charge. *Green v. State*, 295 Ga. App. 468, 471 (6) (672 SE2d 414) (2008).

Lambert claims generally that witnesses' memories have become impaired over time. Lambert's trial counsel testified that "[t]here are a number of witnesses whom we have not yet been able to locate. We may still be able to locate them prior to trial." Counsel named one witness in particular, and the State commented that this witness was outside of the state. Lambert has made no showing that the witness could not be located, as counsel acknowledged that he may still be able to locate the witness prior to trial. To demonstrate an impaired defense, Lambert "must present more than vague or conclusory statements; he must offer specific evidence. Merely asserting that memories have faded over time does not satisfy this

requirement." (Citations omitted.) *Simmons v. State*, 290 Ga. App. 315, 317 (4) (659 SE2d 721) (2008). Lambert has failed to present any actual evidence to show that his defense would be impaired, "the most important component of the prejudice factor." (Citation omitted.) *Henderson v. State*, 290 Ga. App. 427, 431 (1) (d) (662 SE2d 652) (2008).

Upon consideration of the three interests to evaluate prejudice, we conclude that Lambert has failed to show that he was prejudiced by the delay. This factor therefore weighs against him. See *Henderson*, supra, 290 Ga. App. at 431 (1) (d).

5. *Balancing the four factors.* Two of the *Barker* factors weigh against the State, but the lack of prejudice and Lambert's failure to timely assert his speedy trial right weighs heavily against him. "Central to our decision to affirm the trial court's judgment is the fact that [the defendant] asserted the speedy trial right relatively late in the process." *Ruffin v. State*, 284 Ga. 52, 66 (3) (663 SE2d 189) (2008). Under these circumstances, we cannot say that the trial court abused its discretion in denying Lambert's motion to dismiss. See *Green*, supra, 295 Ga. App. at 471-472 (6); *Simmons*, supra, 290 Ga. App. at 317 (5).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MARCH 2, 2010.

*Wayne H. Basford, Jimmonique R. S. Rodgers*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker,
Assistant District Attorney*, for appellee.