A10A0626. PATMON v. THE STATE.
(693 SE2d 120)

MIKELL, Judge.

In 2004, Keithan Patmon was tried for committing several offenses against two victims: Eric Honea, who died, and Artie Hughes, who survived.[1] With regard to Honea, the jury acquitted Patmon of murder, felony murder, kidnapping with bodily injury (Count 6) and one count of aggravated assault (Count 8), all of which, except Count 6, had accused Patmon of "beating [Honea] about the head with an object unknown." The jury found Patmon guilty of armed robbery (Count 7) and aggravated assault for pointing a gun at Honea (Count 10). Patmon was convicted of committing kidnapping, armed robbery, and aggravated assault against Hughes. The trial court sentenced Patmon to two consecutive life terms plus twenty years.

In 2007, Patmon was granted a new trial on the ground that the state failed to prove venue. Prior to retrial, Patmon filed a plea of former jeopardy, contending, inter alia, that the state was collaterally estopped from trying him again for the crimes committed against Honea because the jury in the first trial had determined that he was not the person who committed those crimes. Following a hearing, the trial court denied the plea in bar. The court concluded that the offenses for which Patmon was convicted contained different elements from the ones for which he was acquitted, so that collateral estoppel did not bar the second prosecution. Patmon appeals, argu-

---

[1] Patmon was indicted for murder, felony murder (four counts), kidnapping with bodily injury, kidnapping, armed robbery (two counts), aggravated assault (three counts), and two weapon offenses.

ing that his acquittal on Count 6 bars his retrial on Counts 7 and 10. We disagree and affirm.

The prohibition against double jeopardy in both the United States and Georgia Constitutions, among other things, protects against a second prosecution for the same offense after acquittal or conviction.[2] In *Ashe v. Swenson*,[3] the United States Supreme Court held that the doctrine of collateral estoppel is embodied in the guarantee against double jeopardy. The Supreme Court explained that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[4] Accordingly, the Court held that a defendant who had been acquitted of robbing one of six poker players during a game could not be prosecuted subsequently for robbing another player, given that the only issue in dispute in the first trial was the defendant's identity.[5]

*Ashe* is distinguishable from the case at bar. Our Supreme Court has noted that

> [t]he doctrine of collateral estoppel does not bar a prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue.[6]

Moreover, a defendant's conduct "may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution . . . under the other."[7]

Both principles apply in this case. A review of the transcript of Patmon's 2004 trial reveals that when the jury found him not guilty

---

[2] U. S. Const. Amend. 5; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. See *Sword v. State*, 232 Ga. App. 497, 498 (502 SE2d 334) (1998); *State v. Lambert*, 276 Ga. App. 668, 669 (624 SE2d 174) (2005).

[3] 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970).

[4] Id. at 443.

[5] Id. at 445.

[6] (Citation and punctuation omitted; emphasis in original.) *Phillips v. State*, 272 Ga. 840, 842 (537 SE2d 63) (2000). Accord *Dawson v. State*, 260 Ga. App. 824, 825 (1) (581 SE2d 371) (2003) (where the facts central to proving the charged crime were not determined in the former case, subsequent prosecution was not barred).

[7] (Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

of kidnapping with bodily injury (Count 6), it did not necessarily find any fact that would preclude his retrial for armed robbery (Count 7) and aggravated assault based on the act of pointing a gun at Honea (Count 10). The murder and felony murder counts of the indictment, as well as one count of aggravated assault, accused Patmon of "beating [Honea] about the head with an object unknown." Count 6 alleged that Patmon abducted Honea without lawful authority and against his will, which act involved bodily injury.[8] Patmon was acquitted of those counts. Count 7 accused Patmon of committing armed robbery by using a firearm to take from Honea, with intent to commit theft, a wallet, a check worth $350, a cell phone, and a shoe box.[9] Count 10 charged that he committed aggravated assault by pointing a firearm at Honea and threatening to kill him. The jury found Patmon guilty on Counts 7 and 10. In sum, Patmon was acquitted of all charges involving killing, beating, or physically injuring Honea, while he was convicted of robbing and assaulting him by the use of a firearm. In so finding, the jury apparently credited the testimony of at least two witnesses: Hughes, the surviving victim, and Leonard J. Jacobs, an instructor at the commercial driving school attended by the victims and Patmon.

Hughes testified that on February 10, 2004, he and Honea drove to class together in Honea's car. At the end of the day, Honea gave an African-American male a ride. The man was in the back seat and Hughes testified that he did not get a good look at him. The passenger asked Honea to take him home. When they arrived at an apartment complex near Cleveland Avenue, the man directed Honea to drive to the back near the dumpsters. The man pulled out a large handgun, pointed it at Hughes and Honea, and demanded that Honea use his girlfriend's ATM card to withdraw $10,000. Honea did not have the card, however, and did not drive to his girlfriend's apartment. Hughes testified that at his suggestion, they drove to a Wachovia, where he withdrew $200 from the ATM. On the way there, the gunman became more aggressive, threatening to kill Hughes and Honea if they did not get $10,000. Hughes then suggested that they drive to an ATM at a Publix where he could use his credit cards to obtain more cash. The gunman took the victims' wallets and cell phones, including a $350 check that was in Honea's wallet. When they arrived at Publix, the gunman returned Hughes's wallet so that he could use his credit cards to withdraw money from the ATM. Hughes walked to the ATM and then escaped inside the store. He saw Honea drive away with the gunman.

---

[8] See OCGA § 16-5-40 (1994).

[9] See OCGA § 16-8-41 (a).

Hughes learned the next day that Honea had been killed. Honea was found dead in his vehicle on the grounds of an apartment complex on Bolton Road. The cause of death was massive head trauma from being struck repeatedly by a blunt object.

Hughes was not able to identify the gunman. However, the state established through Jacobs's testimony that Patmon was standing next to Honea's pickup truck on the date and time that the incident began. Jacobs testified that Hughes and Honea were currently enrolled at the school and that Patmon was formerly a student there; that Jacobs was parked next to Honea's pickup truck on the date in question; that at the end of the day, Jacobs saw Honea moving items out of the back seat of his truck; and that Patmon was leaning against the adjacent vehicle. Jacobs also testified that Patmon refused to make eye contact with him, which was unusual.

The transcript thus reveals that by finding Patmon guilty of the armed robbery and aggravated assault of both victims, as well as the kidnapping of victim Hughes, the jury credited Hughes's direct, eyewitness testimony as to the offenses committed in his presence, in addition to Jacobs's identification testimony. The jury found insufficient evidence to convict Patmon of the offenses which occurred subsequently, after Hughes's escape, and which involved physical injury to Honea, including Count 6, kidnapping with bodily injury. Because the facts central to proving armed robbery and aggravated assault as charged in Counts 7 and 10 of the indictment were separate and distinct from those essential to prove Count 6, the state is not barred from reprosecuting Patmon on Counts 7 and 10.[10]

Finally, our Supreme Court has held that "a failure to properly establish venue does not bar retrial, because evidence of venue does not go to the guilt or innocence of the accused, and hence it does not invoke double jeopardy concerns."[11] It follows that the trial court properly denied Patmon's plea of former jeopardy.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 25, 2010.

*Edward J. Chase III*, for appellant.
*Paul L. Howard, Jr., District Attorney, C. Lance Cross, Christopher M. Quinn, Assistant District Attorneys*, for appellee.

---

[10] See *Dawson*, supra; compare *Ashe*, supra.
[11] (Footnote omitted.) *Jones v. State*, 272 Ga. 900, 904 (4) (537 SE2d 80) (2000).