**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 4, 2014**

# In the Court of Appeals of Georgia

A13A1735. WARD v. THE STATE.

BOGGS, Judge.

Following a stipulated bench trial, Theodis Ward was found guilty of DUI, driving with a suspended license, driving without a license, and improper stopping. He now appeals, arguing that the trial court erred in denying his motion to dismiss based up on the denial of his constitutional right to a speedy trial. For the following reasons, we affirm.

The record reveals that Ward was arrested on February 8, 2006, and indicted on July 25, 2006. He entered a plea of not guilty on August 14, 2006, and the case was set for a calendar call in September 2006. When Ward's counsel requested time to file motions, the trial court reset the case for October 12. On October 23, the case was reset to December 13 by the consent of both parties. But on December 6, Ward's

counsel filed a conflict notice informing the trial court that Ward's case conflicted with two other court matters on December 13. The trial court found that Ward did not appear on December 13.

On January 29, 2007, Ward's jury trial was continued to March 6, with a notation that he was in custody in DeKalb County. On February 9, Ward's counsel filed an application for a leave of absence for March 12 - 16 and March 30 - April 4. And less than three weeks later, on February 26, counsel filed another conflict notice for the week of March 5, showing that Ward's jury trial conflicted with an arraignment in another case. Nothing appears in the record to explain the status of the case from March 2007 until a December 16, 2011 notice of a February 16, 2012 calendar call. On February 16, 2012, however, the case was continued to March 8, 2012 by the consent of both parties. Ward filed his motion to dismiss on February 22, 2012, which the trial court denied on May 8, 2012.

At the hearing on the motion to dismiss, Ward's counsel explained that Ward had been incarcerated on unrelated charges in two other counties between April 2006 and April 2010. The trial court found that Ward failed to appear for trial on March 6, 2007, that it was during that hearing that the State learned that Ward was incarcerated in another county, and that it informed the State that if it "wanted to pursue the case,

2

a production order would have to issue . . . . there is no activity on the file until a note in the [State]'s file on September 6, 2010, indicating that [Ward] was still in custody."[1] The court found further that the case next appeared on a December 2011 calendar call.

In a single enumeration, Ward contends that the trial court erred in denying his motion to dismiss the charges against him based upon a violation of his constitutional right to a speedy trial. "The principles that guide a court in its consideration of whether a delay in bringing an accused to trial works a deprivation of the right to a speedy trial are set out in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992)." (Punctuation omitted.) *State v. Brown*, 315 Ga. App. 544, 544-545 (726 SE2d 500) (2012). To determine whether the Sixth Amendment right to a speedy trial has been violated, our courts consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Barker*, supra, 407 U. S. at 530-532 (IV). With these four factors in mind, "the question is whether the trial court abused its

---

[1]Neither the transcript of the March 6, 2007 hearing, nor the note from the State's file appear in the record.

discretion in ruling that the defendant's speedy trial rights were not violated." (Citation and punctuation omitted.) *Lambert v. State*, 302 Ga. App. 573, 575 (692 SE2d 15) (2010).

1. *Presumptive prejudice.*

First, a court must determine whether the delay "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, the accused cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett*, [supra]. If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with "the presumption that pretrial delay has prejudiced the accused intensif(ying) over time."

(Citations and punctuation omitted.) *Fallen v. State*, 289 Ga. 247, 248 (1) (710 SE2d 559) (2011). As the trial court found and the State concedes, the pretrial delay of six years in this case is presumptively prejudicial, triggering the *Barker* inquiry.

2. *The Barker-Doggett Factors.*

(a) *Length of the delay.* "The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation, whichever comes first, to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the

4

motion." (Citation and punctuation omitted.) *State v. Curry*, 317 Ga. App. 611, 613 (2) (a) (732 SE2d 459) (2012). Ward was arrested on February 8, 2006, and the ruling on the motion to dismiss was filed on May 8, 2012. This over six-year delay is uncommonly long and weighs against the State. See *State v. Johnson*, 291 Ga. 863, 865 (2) (a) (734 SE2d 12) (2012) (more than five-year delay uncommonly long and weighs against State); *Phan v. State*, 290 Ga. 588, 593 (1) (a) (723 SE2d 876) (2012) (over four-year delay weighs against State).

(b) *Reason for the delay.* The trial court, in concluding that "this portion of the balancing test is neutral as to both parties," found that "some of the delay was the fault of the State, some of the delay was the fault of Defendant and some of the delay is unexplained." The record reveals that the case was delayed for a few months between September 2006 and March 2007 due to Ward's counsel's request for more time to file motions, her application for a leave of absence, and her notices of conflict. But the bulk of the delay is unexplained. The State offered no explanation for the reason for delay from March 2007 to February 2012. The prosecutor argued that Ward did not appear for the March 6, 2007 trial date, that he sent an email to the trial judge in March 2007 "seeking information from the Judge, what to do with this case,"

5

and that he sent another email in October 2011 "seeking information about [Ward]."[2] The prosecutor explained that in March 2007, he learned from Ward's mother that he was incarcerated in yet another county, and that when Ward was released, defense counsel informed the State that she could not locate him.

Based upon the record before us, the State's failure is unexplained, or at most, a result of the State's uncertainty in how to proceed. The State was aware as early as March 2007 that Ward was incarcerated in another county. "[W]here no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Citations, punctuation and footnote omitted.) *Ruffin v. State*, 284 Ga. 52, 61 (2) (b) (ii) (663 SE2d 189) (2008). And "this factor is weighed to a lesser degree or benignly against the State." *Goffaux v. State*, 313 Ga. App. 428, 429 (721 SE2d 635) (2011). Because the majority of the delay, approximately five years, was due to the negligence of the State, this factor should have been weighed against the State, even if to a lesser degree, and is not neutral as to both parties as found by the trial court. See, e.g., *Franklin v. State*, 305 Ga. App. 354, 359 (1) (b) (699 SE2d 575) (2010) (reason for delay should have been weighed against State

---

[2]These emails were not included in the record on appeal.

where only a portion was attributable to the defendant; majority of the delay was due to the State's decision to dead docket).

> (c) *Assertion of the right.*
>
> The relevant question for purposes of the third speedy trial factor is whether the accused has asserted the right to a speedy trial in due course. This factor requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately. Because delay often works to the defendant's advantage, this factor is afforded strong evidentiary weight.

(Citations and punctuation omitted.) *Phan*, supra, 290 Ga. at 595 (1) (c). Ward first asserted his right to a speedy trial when he filed his motion to dismiss in February 2012, more than six years after his arrest. The trial court found that there was no evidence that Ward, who was at all times represented by counsel, "asserted any objection to the slow pace of the case." Therefore, as found by the trial court, this factor weighs heavily against Ward. See id.

(d) *Prejudice.* "Whether the defendant has established prejudice as a result of the delay requires consideration of the oppressiveness of pre-trial incarceration, undue anxiety suffered by the defendant, and impairment of his ability to mount a defense." (Citation omitted.) *Phan*, supra, 290 Ga. at 596 (1) (d); see *Ogletree v.*

7

*State*, 303 Ga. App. 581, 584 (d) (693 SE2d 909) (2010). Ward claims his key witness, who would have testified that he was not driving the vehicle at the time of the incident, is now unavailable.[3] The trial court found that while trial counsel explained at the hearing that he attempted to locate this witness by "talk[ing] to a couple of people," "Googling" him, contacting county jails, and going "back to the place where [the witness] lived," counsel admitted that Ward lost track of the witness while he was incarcerated for four years on other charges. The court concluded that therefore Ward was "partially responsible for the loss of the witness," and that this factor must weigh "against the State, although it is modified by Defendant's actions."

While counsel argued that Ward attempted to locate the witness at some point, there is no evidence that Ward had ever located or could locate this witness at any time during the six years his case was pending. Ward has simply not shown that this witness's unavailability was due to the State's delay in bringing his case to trial. See, e.g., *Watkins v. State*, 267 Ga. App. 684, 687 (d) (600 SE2d 747) (2004) (no evidence that defendant lost contact with out-of-state individuals because of delay in bringing case to trial); cf. *Salahuddin v. State*, 277 Ga. 561, 563 (2) (592 SE2d 410) (2004)

---

[3]Ward makes no argument on appeal with regard to pretrial incarceration or undue anxiety. The State asserted at the hearing on the motion to dismiss that Ward was held "less than 72 hours" on the charges in this case.

(defendant shared partial responsibility for loss of alibi witness; defendant not precluded from asserting alibi defense). Under these circumstances, the failure to show prejudice should have been weighed against Ward.

(e) *Balancing the factors.* The trial court concluded that its balancing of the four *Barker* factors required it to deny Ward's motion to dismiss.

> A trial court exercises substantial judgment in applying the *Barker* balancing test; however, if the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.

(Punctuation omitted.) *State v. Gay*, 321 Ga. App. 92, 99 (3) (e) (741 SE2d 217) (2013), citing *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). Here, the trial court erred in concluding that the reason for the delay is neutral rather than weighing this factor against the State, and erred in concluding that the prejudice factor weighs against the State but "modified by Ward" rather than weighing it fully against Ward. But had the court properly weighed these factors before balancing them, it would have had no discretion to reach a different judgment. See, e.g., *Brown v. State*, 287 Ga. 892, 896 (1) (700 SE2d 407) (2010) (court did not abuse its

discretion in denying motion to dismiss on speedy trial grounds after balancing state's negligent delay in bringing case to trial against defendant's failure to timely assert right to speedy trial and his failure to show that delay impaired his defense); *Watkins*, supra, 267 Ga. App. at 687 (same). Ward did not assert his right to a speedy trial for six years following his arrest, and failed to show that the delay in the State bringing the case to trial impaired his defense. See *Williams v. State*, 279 Ga. 106, 110 (1) (c) (610 SE2d 32) (2005). As Justice Nahmias explained in a concurrence in *Phan v. State*, 287 Ga. 697 (699 SE2d 9) (2010): "[I]t should be recognized that delayed assertion of the right to a speedy trial and lack of prejudice are the two factors that most often weigh heavily against defendants and which then support the overall conclusion that speedy trial rights have not been violated." Id. at 700.

Under these circumstances, we cannot say that the trial court abused its discretion in denying Ward's motion to dismiss.

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*