## A01A0243. THE STATE v. BAZEMORE.
(549 SE2d 426)

SMITH, Presiding Judge.

The State appeals the trial court's dismissal of the charges against Douglas L. Bazemore after determining that he was denied his constitutional right to a speedy trial. We affirm.

On August 3, 1998, Doraville police officers arrested Bazemore, charging him via three uniform traffic citations with DUI, driving too fast for conditions, and failure to maintain lane. On August 10, 1998, Bazemore filed a demand for jury trial in the Municipal Court of Doraville, and on September 3, Bazemore's case was transferred to the State Court of DeKalb County. On October 1, 1998, Bazemore filed in the state court a demand for jury trial; he further demanded a trial within the present term or the next term under OCGA § 17-7-170. Although the state court placed Bazemore's case on the jury trial calendar call of November 16, 1998, the case was not called for trial on that date because the State had not yet drawn an accusation. Thereafter, on December 21, 1998, the State did draw an accusation, alleging the three original charges and filing the three uniform traffic citations in state court.

The case was placed on the February 17, 1999 jury calendar, and on February 8, 1999, Bazemore filed a motion for discharge and acquittal under OCGA § 17-7-170, contending that the two-term statutory time limitation had expired. The trial court denied the motion on May 12, 1999, concluding that because Bazemore had filed the demand before the State filed the accusation and the uniform traffic citations, his demand was premature and therefore a nullity. On July 19, 1999, on reconsideration, the trial court again denied Bazemore's motion.

The record indicates that no further action was taken on

Bazemore's case for approximately ten months, when the case was placed on the May 23, 2000 trial calendar. On May 23, 2000, Bazemore filed a second motion for discharge and acquittal, this time on constitutional grounds. The trial court granted that motion.

1. The State contends that the trial court erred by granting Bazemore's motion for discharge and acquittal on constitutional grounds. In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the United States Supreme Court identified four factors for courts to consider in determining whether a defendant has been deprived of the constitutional right to a speedy trial. The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. Id. at 530. None of these factors alone is necessary or sufficient for a finding of deprivation of the right of speedy trial; rather, courts must engage in a "difficult and sensitive balancing process." Id. at 533. We review the trial court's decision under an abuse of discretion standard. *State v. Yates*, 223 Ga. App. 403, 404 (477 SE2d 670) (1996).

(a) *Length of delay*. Here, the delay between Bazemore's arrest and the call of the case for trial was over 21 months, raising a presumption of prejudice and triggering analysis of the other *Barker* factors to determine whether Bazemore was denied his constitutional right to a speedy trial. See *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992). As the delay approaches one year, it generally is " 'presumptively prejudicial.' " *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994).

(b) *Reason for delay*. Minor delays were caused by Bazemore's demands for a jury trial and his motion for discharge and acquittal on statutory grounds. The record does not, however, completely explain the four-month delay between arrest and the filing of the accusation. Further, the record shows that because of an unexplained delay in filing the accusation with the state court, the case was not set for trial during the November 16, 1998 calendar call. The charges against Bazemore were all misdemeanors: DUI, OCGA § 40-6-391 (a) (1), (c); too fast for conditions, OCGA §§ 40-6-180, 40-6-1; failure to maintain lane, OCGA §§ 40-6-48, 40-6-1. A uniform traffic citation may serve as the accusation for the prosecution of a misdemeanor traffic case without the filing of a formal accusation. OCGA § 40-13-1; *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). But the State claims that "[i]t is the routine practice of the DeKalb County Solicitor-General's Office to file a formal accusation on all cases it prosecutes, including traffic offenses." In addition, the record indicates that the case was inexplicably dormant for approximately ten months after the denial of the motion for discharge and acquittal

on statutory grounds.[1] When a delay is unexplained, it is treated as having been caused by the negligence of the State in bringing the case to trial. *Boseman*, supra at 733 (1) (b); *Yates*, supra at 404. The trial court determined that the delays in this case were caused in part by the State's negligence and by defense counsel's earlier motion for acquittal, then weighed this factor in Bazemore's favor.

(c) *Defendant's assertion of his right to a speedy trial.* The trial court found that Bazemore had asserted his right to a speedy trial when he filed a demand for speedy trial pursuant to OCGA § 17-7-170 on October 1, 1998. The trial court stated that although Bazemore filed the demand prematurely, he nonetheless placed all parties on notice that he wanted a speedy trial. Moreover, at the hearing on Bazemore's motion for discharge and acquittal on constitutional grounds, the State acknowledged that Bazemore was "obviously interested" in a speedy jury trial in that he had filed a speedy trial demand, although prematurely. The trial court weighed this factor in Bazemore's favor.

(d) *Prejudice to defendant.* Prejudice is assessed in the light of the defendant's interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility that the defense will be impaired. *Barker*, supra at 532. After Bazemore's arrest, he was bailed out of jail approximately five and a half hours later. However, "even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility. [Cits.]" Id. at 533. Here, there is evidence that the pending case caused Bazemore stress and embarrassment. In considering the prejudice to a defendant, the most important factor is whether the delay resulted in any impairment of the defense. Id. at 532. "If witnesses die or disappear during a delay, the prejudice is obvious." Id. Bazemore stated at the motion hearing that due to the delay, he has lost a material witness in that he can no longer rely on the testimony of an ex-girlfriend, who had been with him approximately three and a half hours before his arrest and later bailed him out of jail. He stated that his ex-girlfriend could have testified in his defense as to his condition on that evening. He testified that because of a nonamicable breakup with the ex-girlfriend she had become hostile toward him, and he had been unable to locate her since May 1999. The State presented no evidence, although on cross-examination it elicited tes-

---

[1] We note the statements of counsel for Bazemore and the State during the hearing that they did not timely receive the order denying the motion. But as the trial court stated, neither party brought it to the court's attention when they did not receive the order, notwithstanding that both parties received notice that the order had been entered.

timony that a friend of Bazemore, who was available to testify, had been in the automobile with Bazemore at the time of the arrest. The trial court ruled that the uncontradicted evidence weighted this factor in Bazemore's favor.

Considering the 21-month length of time between the arrest and the scheduled call of the case for trial, the unexplained delays, and prejudice to Bazemore, including impairment of his defense, stress, and embarrassment, we conclude that the trial court did not abuse its discretion in granting Bazemore's motion for discharge and acquittal for lack of a speedy trial on constitutional grounds.

2. The State also enumerates as "error" that the trial court "correctly denied [Bazemore's] motion for discharge and acquittal pursuant to OCGA § 17-7-170 because it was filed prematurely." Although the trial court did deny that motion, that decision is not properly before us, and we do not consider it. See OCGA §§ 5-7-1 (a) (4); 5-6-34 (d).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MAY 10, 2001.

*Gwendolyn R. Keyes, Solicitor-General, Donald E. Henderson, Rupal D. Vaishnav, Assistant Solicitors-General*, for appellant.
*Monte K. Davis*, for appellee.