A01A1658. THE STATE v. ALLGOOD.
(556 SE2d 857)

JOHNSON, Presiding Judge.

After finding that James Allgood was denied his constitutional right to a speedy trial, the trial court dismissed charges filed against him. The state appeals from the trial court's order. We affirm.

Allgood was arrested on June 30, 1996, and charged with rape,

---

aggravated sodomy, aggravated sexual battery, and false imprisonment. Allgood was held in jail for three months without bond until, after filing a writ of habeas corpus, he was released on bond. Allgood was indicted in June 1997, waived arraignment in July 1997, and the case was placed on the trial calendar for November 14, 1997. For some reason which is not clear from the record, the case was not called for trial as scheduled and was eventually placed back on the trial calendar for April 11, 2000.

On April 7, 2000, Allgood filed a motion for continuance claiming his attorney needed more time "because of the number of witnesses." At the same time, Allgood filed a motion to dismiss contending he was prejudiced by the state's failure to try the case earlier. He noted that the delay caused him to be unable to locate certain witnesses, that a key witness died in a car accident in 1998, and that another key witness was currently stationed in Korea. The trial court granted the continuance, but did not immediately rule upon the motion to dismiss.

The case was called for trial in May, June, and August 2000. The reasons for the postponements are not evident from the record. On the August trial date, Allgood and his attorney were present, but the attorney requested a continuance because counsel was ill. Counsel informed the court that Allgood wanted to go to trial, but that counsel was too ill. The continuance was granted.

The case was not called for trial again until January 9, 2001, with trial scheduled to begin January 16, 2001. On January 12, 2001, after a hearing, the trial court granted Allgood's motion to dismiss based upon the denial of his constitutional right to a speedy trial. On appeal, the state must show that the trial court abused its discretion by dismissing the case.

A four-part test is to be applied in determining whether a defendant was denied the constitutional right to a speedy trial.[1] The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant.[2] None of these factors alone is necessary or sufficient for a finding that a defendant was denied his right to a speedy trial; rather, the courts must engage in a difficult and sensitive balancing process.[3] As we must, we review the trial court's ruling under an abuse of discretion standard.[4]

1. *Length of delay.* There was nearly a four-year delay between Allgood's arrest in June 1996 and the call of the case for trial in April

---

[1] *State v. Yates*, 223 Ga. App. 403-404 (477 SE2d 670) (1996).
[2] Id.
[3] *State v. Bazemore*, 249 Ga. App. 584, 585 (1) (549 SE2d 426) (2001).
[4] Id.

2000. A delay of this magnitude raises a presumption of prejudice and triggers analysis of the other factors.[5]

2. *Reason for delay*. Although Allgood requested continuances in April 2000 and August 2000, there is no indication in the record as to what caused the lengthy delay between his 1996 arrest and the 2000 trial date. Indeed, when asked at the hearing on the motion to dismiss why the case was not called for trial earlier, the prosecutor replied that she did not know.

When a delay is unexplained, it is treated as having been caused by the negligence of the state in not bringing the case to trial.[6] The trial court expressly considered this factor and weighed it in Allgood's favor.

3. *Defendant's assertion of his right to a speedy trial*. Allgood did not request a speedy trial until April 2000. However, as the trial court noted in its order and at the hearing, the filing of a speedy trial demand is not a prerequisite to a plea in bar for failure to have a speedy trial on constitutional grounds.[7] And, Allgood did promptly file the motion to dismiss once the case was placed back on the trial calendar two and one-half years after the first call of the case.

4. *Prejudice to defendant*. One of Allgood's witnesses died in 1998, two years after Allgood's arrest. Generally, if a witness dies or disappears during a delay, the prejudice to the defendant is obvious.[8] To carry his burden of showing prejudice due to the unavailability of a witness, though, Allgood must show that the missing witness could supply material evidence for the defense.[9]

The witness, Kevin Pape, had given two audiotaped statements before he died. One was given to police, and the other was given to Allgood's investigator. The statements were transcribed and made a part of the court record. It is clear from the transcripts that the witness, who was present during the alleged offenses, had information which would have benefitted the defense.

The state argues that Pape's testimony would not have been material because it was cumulative of other testimony and also because some of it would be excludable under the Rape Shield Statute. However, the state has not shown that other witnesses would provide the same exculpatory evidence Pape could have provided. And even though some of the testimony Pape might have given would likely be excluded under the Rape Shield Statute, much of it would have been admissible.

---

[5] See id. at 585 (1) (a); *Snow v. State*, 229 Ga. App. 532, 533 (494 SE2d 309) (1997).

[6] *State v. Bazemore*, supra at 586 (1) (b).

[7] *Snow v. State*, supra.

[8] *State v. Yates*, supra at 404 (4).

[9] *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999).

The state also argues that Allgood has not been prejudiced because Pape's taped statements could be admitted under the necessity exception to the hearsay rule, given that he is deceased. Yet, at the motion hearing the state would not stipulate to the statements' admissibility at trial.

Considering the length of time between the arrest and trial date, the lack of reason for the delay, and the impairment of Allgood's defense caused by the death of his material witness, we find that the trial court did not abuse its discretion in granting Allgood's motion to dismiss for lack of a speedy trial.[10]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 29, 2001.

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellant.
*Michael R. Jones, Sr.*, for appellee.

---

[10] See *State v. Yates*, supra.