A09A0420. THE STATE v. REID.
(679 SE2d 802)

MILLER, Chief Judge.

The State charged John Reid by accusations filed in the trial court with operating a motor vehicle without a revalidation decal (OCGA § 40-2-8.1), operating a motor vehicle without effective insurance (OCGA § 40-6-10), speeding (OCGA § 40-6-181), reckless driving (OCGA § 40-6-390), driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)), and driving under the influence of alcohol, per se (OCGA § 40-6-391 (a) (5)). On the day trial was to commence, the trial court granted Reid's motion for discharge and acquittal based upon the constitutional right to a speedy trial, and the State now appeals, arguing that the trial court (1) erred in allowing Reid to verbally renew his prior motion for discharge and acquittal and (2) abused its discretion in granting Reid's motion. Discerning no error, we affirm.

We review a trial court's grant or denial of a motion to dismiss on speedy trial grounds for abuse of discretion. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

The record shows that, on October 9, 2004, Officer Andrew Taddei of the Atlanta Police Department pulled Reid over for speeding. Upon approaching Reid, Officer Taddei detected a strong odor of alcohol coming from Reid's person. Officer Taddei also observed that Reid's eyes were bloodshot and watery and his speech was slurred. After Reid admitted to consuming "a few beers," he agreed to perform several field sobriety tests. Reid performed poorly on these tests, and Officer Taddei placed him under arrest for driving under the influence. Officer Taddei read Reid the Georgia implied consent warnings, and Reid took a breath test once he had been transported to jail, which showed a blood alcohol content of 0.118.

Reid was initially charged by Uniform Traffic Citations, which ordered him to answer the charges in the City Court of Atlanta. On December 15, 2004, Reid filed a statutory demand for a speedy trial in the City Court of Atlanta. Subsequently, however, the City Court of Atlanta was abolished and its cases transferred to the Atlanta Municipal Court. See Ga. L. 2004, pp. 885-886, §§ 1, 2, 5; Ga. L. 2004, pp. 3841, 3845, §§ 2, 8. Because the Atlanta Municipal Court lacks jurisdiction to conduct jury trials (OCGA § 40-13-21 (b)), Reid's case was transferred to the State Court of Fulton County ("State Court") on February 20, 2006. The State filed its accusations against Reid on June 6, 2006.

On or around September 7, 2006, Reid waived arraignment. Although Reid's demand for a speedy trial had not been transferred from the City Court of Atlanta, Reid's counsel made the solicitor-general aware of the demand in September 2006. On or around April 23, 2007, Reid filed a motion for discharge and acquittal, claiming violation of his constitutional right to a speedy trial and asserting that he had "reason to believe that [the State's] unreasonable delay [had] resulted in the loss of the arrest video in his case, which contained exculpatory evidence. . . ."[1] During a hearing on the motion on July 18, 2007, Reid's counsel furnished the trial judge with a copy of the prior statutory demand for a speedy trial. At the hearing, the trial judge ordered the State to notify the defense of the video's availability by August 10, 2007 or face dismissal of the case. In a subsequent filing on August 15, 2007, Reid asserted that the State had contacted defense counsel that day to advise her that the video was available. Reid requested that the trial court dismiss the case based on the State's failure to comply with the court-ordered deadline. The trial court denied Reid's motion on August 27, 2007.

Reid's case was not thereafter set for trial until May 5, 2008, over eight months later. Officer Taddei was on administrative leave on that date, and, as a result, the trial was reset for June 11, 2008. Due to the trial judge's illness, the trial date was continued until July 9, 2008. On the day of trial, Reid's counsel orally renewed Reid's motion for discharge and acquittal, and, after hearing argument from counsel and testimony from Reid, the trial court ultimately granted the same.

1. The State argues that the trial court should not have allowed

---

[1] We note, however, that the copy of this motion included in the record on appeal is neither dated nor stamped filed by the State Court clerk's office and is preceded by a fax cover sheet addressed to the trial judge's case manager, dated August 15, 2007. During argument on the renewed motion for discharge and acquittal on the day of trial, Reid's counsel asserted that the motion was filed around April 23, 2007, and the trial court's order dismissing the case indicates that the motion was made some time prior to July 18, 2007.

Reid to verbally renew his prior motion for discharge and acquittal on the day of trial. We disagree.

The State contends that a motion for discharge and acquittal based on a violation of the constitutional right to a speedy trial is a plea in bar and, pursuant to OCGA § 17-7-110, must be filed "within ten days after the date of arraignment, unless the time for filing is extended by the court." We have not previously held that a motion to dismiss based on constitutional speedy trial grounds is subject to the deadline in OCGA § 17-7-110. Rather, we have stated that "a defendant is not procedurally barred from raising a constitutional speedy trial claim at any time up to the point of trial." (Citation and punctuation omitted.) *Disharoon v. State*, 288 Ga. App. 1, 4 (1) (c) (652 SE2d 902) (2007); accord *Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005); see also *State v. Allgood*, 252 Ga. App. 638 (556 SE2d 857) (2001) (trial court granted motion to dismiss filed almost three years after defendant waived arraignment). Thus, neither Reid's initial motion for discharge and acquittal nor his renewal thereof was untimely.

The State also argues that Reid was required to renew his motion in writing. See OCGA § 17-7-111. Reid's position is contrary to *Ruffin*, supra, in which the Supreme Court of Georgia recently stated that a defendant "need not file a formal motion" to invoke his or her right to a speedy trial. 284 Ga. at 62-63 (2) (b) (iii). Even assuming, however, that the *initial* motion for discharge and acquittal was required to be in writing, the State cites no authority for the proposition that such a motion cannot be verbally renewed on the day of trial based on additional pretrial delay.

2. The State argues that the trial court abused its discretion in granting Reid's motion for discharge and acquittal based on a denial of his constitutional right to a speedy trial. We disagree.

The Sixth Amendment to the U. S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U. S. Const. Amend. VI. The Georgia Constitution also guarantees criminal defendants the right to a speedy trial (Ga. Const. Art. I, Sec. I, Par. XI (a)), and "[t]he speedy trial right enshrined in the Georgia Constitution is coextensive with the federal guarantee." (Footnote omitted.) *Ruffin*, supra, 284 Ga. at 54 (2). Constitutional speedy trial claims are analyzed under the framework set forth in the U. S. Supreme Court's decisions in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992), which require "application of a delicate, context-sensitive, four-factor balancing test." *Ruffin*, supra, 284 Ga. at 55 (2) (a).

(a) *Presumptive Prejudice.* Before proceeding with the four-factor balancing test, the trial court first must determine whether

the accused has been subjected to a delay that is presumptively prejudicial. *State v. Stallworth*, 293 Ga. App. 368, 368-369 (2) (667 SE2d 147) (2008). "As the delay approaches one year it generally is presumptively prejudicial." (Citation and punctuation omitted.) *State v. White*, 282 Ga. 859, 861 (2) (a) (655 SE2d 575) (2008); *Allen v. State*, 268 Ga. App. 161, 162 (1) (601 SE2d 485) (2004) (three-year delay in DUI case). Here, the delay between Reid's arrest and the date of his scheduled trial was three years and nine months.[2] Under the circumstances, the trial court did not err in concluding that such a delay was presumptively prejudicial.

(b) *Barker-Doggett Balancing Test.* The four factors that "form the core of the constitutional speedy trial balancing test" are (i) whether the pretrial delay was uncommonly long; (ii) whether the government or the criminal defendant is more to blame for the delay; (iii) whether, in due course, the defendant asserted the right to a speedy trial; and (iv) whether the defendant suffered prejudice as a result of the delay. *Ruffin*, supra, 284 Ga. at 56 (2) (b). "[N]one of these four factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Harris v. State*, 284 Ga. 455 (667 SE2d 361) (2008).

(i) *Length of Delay.* In *Ruffin*, our Supreme Court explained:

> Excessive delay has a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify. Thus, while a lengthy pretrial delay cannot support a finding of a speedy trial violation without regard to the other three *Barker-Doggett* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay. The length of the pretrial delay in absolute terms plays a role in the threshold determination of presumptive prejudice. *However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the Barker-Doggett analysis.*

(Punctuation and footnotes omitted; emphasis supplied.) Id. at 56 (2) (b) (i). A delay of almost four years in a DUI case strikes us as excessive, especially in the absence of any indication that the case was unusually complex. Accordingly, the trial court should have

---

[2] "The right to a speedy trial attaches at the time of arrest or when formal charges are brought, whichever is earlier." (Citation and punctuation omitted.) *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005).

independently weighed this delay in Reid's favor and erred to the extent it "overlooked this factor in the four-factor balancing process." Id. at 59 (2) (b) (i).

(ii) *Reason for Delay.* The trial court found that only a small portion of the 45-month delay in the case could possibly be attributed to Reid. Namely, after the July 18, 2007 hearing on Reid's initial motion for discharge and acquittal, the trial court agreed to delay any trial until at least August 10, 2007, so that the State could locate the videotape of Reid's arrest. We find no support for the State's argument that additional delay should be attributed to Reid because his counsel filed a leave of absence for various days in the latter half of 2007. A number of these requests related to dates on or near holidays, such as the Fourth of July, Thanksgiving, or New Year's Eve. There is no evidence that counsel's leave of absence created any scheduling conflicts or delayed Reid's trial.

The trial court found that other delays were either unexplained or attributable to the trial court or the State. This finding is supported by the record. The record does not explain why it took so long for the case to be transferred to State Court and for the State to file its accusations; why the case was largely dormant for a number of months thereafter; or why, after the trial court denied the initial motion for discharge and acquittal, the case was not set for trial for eight months. "When a delay is unexplained, it is treated as having been caused by the negligence of the State in bringing the case to trial." (Citations omitted.) *State v. Bazemore*, 249 Ga. App. 584 (1) (b) (549 SE2d 426) (2001); see also *State v. Yates*, 223 Ga. App. 403, 404 (2) (477 SE2d 670) (1996). "Although negligence [by the State] is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." (Citation and punctuation omitted.) *Ruffin*, supra, 284 Ga. at 60 (2) (b) (ii). Accordingly, "[w]hen the delay is caused by the State's negligence . . . a trial court is entitled to weigh that fact against the government. . . ." *Nusser*, supra, 275 Ga. App. at 898. While the final two continuances of Reid's trial date, attributable to the unavailability of the arresting police officer and the trial judge's illness, may not have resulted from the State's negligence, they cannot be weighted against Reid either.

Based on the foregoing, we find no error in the trial court's finding that the reasons for delay weighed in favor of Reid.

(iii) *Defendant's Assertion of Right to Speedy Trial.* The record shows that Reid asserted his right to a speedy trial just over two months after his arrest by filing a statutory demand for a speedy trial in the City Court of Atlanta. Although the State faults Reid for failing to file a new statutory demand after the case was transferred

to the State Court, Reid was not required to do so. The statutory demand was effective in the City Court of Atlanta because, at the time the demand was filed, that court was a "constitutional court with jury jurisdiction and two terms of court." (Footnote omitted.) *Sa v. State*, 274 Ga. App. 773, 775 (2) (618 SE2d 616) (2005). After the City Court of Atlanta was abolished and its cases transferred to the Atlanta Municipal Court, the Atlanta Municipal Court was required by statute to transfer any cases over which the court lacked jurisdiction to the appropriate court. See Ga. L. 2004, p. 885, § 2. Reid's statutory demand remained effective following the transfer to State Court. OCGA § 17-7-170 ("The demand for speedy trial shall be binding only in the court in which the demand for speedy trial is filed, except where the case is transferred from one court to another without a request from the defendant."). Even if, however, the demand was not effective in State Court without being refiled and would not have supported a motion to dismiss under OCGA § 17-7-170, it was still sufficient to alert the parties that Reid wished to be tried promptly. *Bazemore*, supra, 249 Ga. App. at 586 (1) (c) (although demand for speedy trial pursuant to OCGA § 17-7-170 was ineffective because it was premature, it nonetheless placed the parties on notice that defendant wanted speedy trial).

Further, the record shows that Reid asserted his right to a speedy trial several times subsequently. The record indicates that Reid's counsel made the solicitor-general aware of the demand shortly after the accusations were filed in State Court. Reid again asserted his right to a speedy trial through the initial motion for discharge and acquittal and by requesting dismissal of the case when the State failed to produce the arrest video by the court-ordered deadline.

Under all the circumstances, the trial court properly concluded that Reid's assertion of his right to a speedy trial weighed in his favor.

(iv) *Prejudice*. "The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired." (Citation and punctuation omitted.) *Nusser*, supra, 275 Ga. App. at 900. "The most important component of the prejudice analysis is whether the defendant's ability to raise a defense was impaired by the delay." (Citation omitted.) Id. Here, there was no evidence of any specific prejudice to Reid's ability to present his defense.

We have previously recognized that "even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often

hostility." (Citation and punctuation omitted.) *Bazemore*, 249 Ga. App. at 586 (1) (d). Here, Reid testified that the pending charges against him had caused him stress and anxiety. Although he lacked definitive proof, he also testified that he believed that the charges had impaired his ability to obtain a job he had applied for at the U. S. Patent Office. He also indicated that he wanted to move to Austin, Texas but had not done so because the pending charges would render it impossible for him to drive legally there.

While the trial court might have been entitled to weigh the prejudice factor slightly in Reid's favor in light of his testimony, given the lack of evidence that Reid suffered unusual anxiety and concern, we decline to find that the trial court erred in failing to do so. See *Nusser*, 275 Ga. App. at 900 (noting defendant's failure to show he suffered "unusual anxiety and concern").

(c) *Result of Barker-Doggett Balancing Test.* Given all of the facts, including the lengthy pretrial delay, the lack of explanation for much of the delay, and Reid's assertion of his right to a speedy trial, we cannot say that the trial court abused its discretion in finding that Reid's constitutional right to a speedy trial was violated.

For the reasons set forth above, we affirm the trial court's order granting Reid's motion for discharge and acquittal.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 5, 2009.

*Carmen D. Smith, Solicitor-General, R. Leon Benham, Mandi L. Werner, Assistant Solicitors-General*, for appellant.
*Marny J. Heit*, for appellee.