## S11A0384. FALLEN v. THE STATE.

(710 SE2d 559)

MELTON, Justice.

Corey Fallen appeals the trial court's pretrial order denying his motion to dismiss the charges against him for a constitutional speedy trial violation. See *Callaway v. State,* 275 Ga. 332 (567 SE2d 13) (2002) (direct appeal authorized from denial of plea in bar). For the reasons set forth below, we affirm.

The record shows that, on September 11, 2007, Fallen was arrested for the murder of Durrell Pimpton, and a public defender was appointed to represent him. Fallen posted bail and was released from custody on September 14, 2007. On October 20, 2009, Fallen was indicted for murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. Fallen was arraigned on April 29, 2010, and a new public defender took over his case at that time. Although he never filed a statutory motion for speedy trial, on August 27, 2010, Fallen filed a motion to dismiss the indictment based on a violation of his constitutional right to a speedy trial pursuant to the Sixth Amendment. Following a hearing, the trial court denied Fallen's motion on September 22, 2010.

The framework for consideration of Fallen's present appeal is well-settled.

> In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either

necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal.

(Citations and punctuation omitted.) *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). We review the trial court's ruling for abuse of discretion. Id.

1. *Length of the delay.* "The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs." (Citation omitted.) Id. at 861 (2) (a). Fallen was arrested on September 11, 2007, and his motion to dismiss was filed on August 27, 2010, almost three years later. This delay in bringing Fallen to trial affects the speedy trial analysis in two ways.

> First, a court must determine whether the delay "has crossed the threshold dividing ordinary from 'presump-tively prejudicial' delay, since, by definition, [the accused] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992). If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with "the presumption that pretrial delay has prejudiced the accused intensif[ying] over time." *Doggett*, [505 U. S. at 652]. . . . However, the presumptive prejudice arising from delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, [supra, 505 U. S. at 656]. Instead, "it is part of the mix of relevant facts, and its importance in-creases with the length of delay." Id.

*Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). There is no question that the three-year delay in this case triggers a presumption of prejudice. As a result, the remaining *Barker* factors must be considered. Id.

2. *Reasons for the delay.* The trial court found that, while there did not appear to be any compelling reason for the delay, there was no evidence that the State caused the delay intentionally or at-tempted to undermine Fallen's defense in any manner. Therefore, at best, the delay may be attributed to the negligence of the State, and this factor may generally be considered relatively benign. See, e.g., *Barker*, supra, 407 U. S. at 531 (IV) ("[a] more neutral reason such

as negligence . . . should be weighted less heavily" against the prosecuting authority); *Smith v. State*, 275 Ga. 261 (564 SE2d 441) (2002).

3. *Assertion of the right to speedy trial.* Fallen waited almost three years after his arrest to assert his constitutional right to a speedy trial, and the trial court did not abuse its discretion in weighting this factor heavily against him. See, e.g., *Scandrett v. State*, 279 Ga. 632 (1) (c) (619 SE2d 603) (2005).

4. *Prejudice to the defendant.*

As to the prejudice factor, there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." [Cit.]

*Boseman*, supra, 263 Ga. at 732 (1). With regard to the first two factors, the record shows that Fallen was released on bond within a few days of his arrest, and he has made no showing of undue anxiety or concern. With regard to the third factor, Fallen maintains that his defense has been impaired because one of his potential witnesses, Archie Byron, has died. The record shows, however, that Archie Byron, Fallen's father, was interviewed prior to his death and that a videotape of this interview would be available for trial. The State entered a statement on the record that it would stipulate to the admissibility of the videotape. In addition, the record further shows that Archie's statements are largely cumulative of similar deposition testimony given by Fallen's grandmother, Joyce Byron, who remains available to testify as to this evidence at trial. Under these circumstances, Fallen has not shown that he was prejudiced.

Accordingly, the trial court did not abuse its discretion in denying Fallen's motion to dismiss the indictment based on a violation of his constitutional speedy trial rights.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 2011.

*Ronnie R. Poole,* for appellant.
*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Lenny I. Krick, Assistant District Attorneys, Thurbert E. Baker, Attorney*

*General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.