## A11A2427. HARRIS v. THE STATE.

(724 SE2d 864)

PHIPPS, Presiding Judge.

Following his indictment for aggravated assault on a peace officer, among other crimes, Lewis Harris moved to dismiss the charges against him on the ground that his constitutional right to a speedy trial had been violated. The trial court denied the motion, and Harris appeals. For the reasons set forth below, we vacate the judgment and remand the case with direction.

Harris was arrested on May 14, 2006, and, in connection with events occurring on that date, he was subsequently indicted on March 12, 2010, for aggravated assault on a peace officer, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and possession of cocaine with intent to distribute. On July 27, 2010, Harris moved to dismiss the indictment based on the alleged violation of his right to a speedy trial. The trial court held a hearing on the motion to dismiss on May 9, 2011, and it denied the motion in an order entered on June 17, 2011.

In deciding a constitutional speedy trial claim, courts must engage in a balancing test by considering "(1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972)."[1] "The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal."[2] Accordingly, with the *Barker* factors in mind, we review the trial court's ruling for abuse of discretion.[3]

(a) *Presumptive prejudice.* The length of the delay figures into the *Barker* analysis in two respects. The court should first consider the length of the delay to determine if it crosses the threshold distinguishing ordinary delay from presumptively prejudicial delay.[4] "If such a presumption is not warranted, the analysis need go no farther because the accused's speedy trial claim fails; if, however, the delay invokes the presumption of prejudice, then the analysis pro-

---

[1] *Fallen v. State*, 289 Ga. 247, 248 (710 SE2d 559) (2011) (citation and punctuation omitted). See *Doggett v. United States*, 505 U. S. 647, 651 (II) (112 SC 2686, 120 LE2d 520) (1992) (the four separate inquiries are "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result") (citation omitted); *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008).

[2] *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008) (citation omitted).

[3] Id.

[4] See *Fallen*, supra at 248 (1).

ceeds to the examination of all *Barker v. Wingo* factors"[5] Here, more than five years passed from the date of Harris's arrest to the denial of his speedy trial motion.[6] The trial court correctly concluded that this pretrial delay was presumptively prejudicial and required examination of the remaining *Barker* factors.

(b) *The Barker factors.*

(i) *Length of the delay.* If the threshold inquiry is met, the length of the delay should be considered by the trial court again "by factoring it into the prejudice prong of the *Barker* analysis, with the presumption that pretrial delay has prejudiced the accused intensifying over time."[7] The presumptive prejudice arising from the delay is "part of the mix of relevant facts, and its importance increases with the length of delay," but it "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria."[8]

Harris argues that the trial court erred because it failed to consider if the delay in this case was uncommonly long and because it did not assign any weight to the delay. As our Supreme Court has said, "[i]t is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis."[9] Here, the trial court did not go beyond the threshold analysis to consider the length of the delay as part of the four-part balancing process, and thus did not consider if the length of delay was uncommon[10] or assign any weight to the length of the delay. The state admits that, notwithstanding the omission from the trial court's order, the pretrial delay in this case was uncommonly long and weighs heavily against it.[11] Accordingly, "[t]o the extent the trial court overlooked this factor in the four-factor

---

[5] *Higgenbottom v. State*, 290 Ga. 198, 200 (1) (719 SE2d 482) (2011) (citation omitted).

[6] "Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied . . . ." *State v. Porter*, 288 Ga. 524, 526 (2) (b) (705 SE2d 636) (2011). For a serious crime lacking any unusual complexity, which appears to be the case with respect to the charges against Harris, "one year generally marks the point at which expected deliberateness in the prosecution of a criminal matter turns into presumptively prejudicial delay." *Ruffin*, supra at 55 (2) (a) (footnote omitted).

[7] *Fallen*, supra at 248 (1) (citation and punctuation omitted).

[8] Id. (citation and punctuation omitted).

[9] *Ruffin*, supra at 56-57 (2) (b) (i).

[10] See id. at 57 ("The uncommon length of the pretrial delay thus merits consideration beyond its use as a liminal screening mechanism."); *Teasley v. State*, 307 Ga. App. 153, 158 (2) (a) (704 SE2d 248) (2010) ("we find nothing in the trial court's order to show that it considered whether the delay before trial was uncommonly long given the circumstances of the case").

[11] See *Teasley*, supra (pretrial delay of three years and two months weighs heavily against the state).

balancing process, it erred."[12]

(ii) *Reasons for the delay.* The second factor of the *Barker* analysis requires consideration of "the reason for the delay and whether this is attributable to the defendant or the state."[13] The trial court found that the state did not attempt to deliberately delay the trial, but that there was no explanation for its three-year and ten-month delay in failing to seek an indictment. The trial court also found that the state's negligence was the reason for the pre-indictment delay and weighed that delay slightly against the state. However, the trial court assigned the reason for the delay *following* the indictment "to neither party."

As a rule, "[w]here no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial."[14] The state's negligence in causing the delay is generally considered relatively benign.[15] Harris argues that the delay in this case was nevertheless not benign because the state's conduct was not inadvertent. "[D]elays resulting from deliberate decisions made by the State . . . cannot be considered benign and must be weighted more heavily against the State."[16] In support of his argument, Harris points out that police investigators had contacted the district attorney's office many times in an effort to ensure that the office took action in prosecuting the case. The trial court acknowledged this evidence in its order, but found that the government's delay was nevertheless not deliberate. That members of the district attorney's office were aware of the case against Harris does not show that their delay in indicting Harris was necessarily more than negligent, and we defer to the trial court's findings in this respect.

We cannot, however, conclude that the trial court properly attributed the delay following the indictment to neither party. At the hearing, the trial judge indicated that the delay after the case was transferred to the court shortly after the indictment was "my responsibility." Nevertheless, the primary burden is on both the

---

[12] *Ruffin*, supra at 59 (2) (b) (i). In some cases, we have concluded that the trial court effectively weighed this factor in an appellant's favor notwithstanding the court's failure to specifically consider the length of the delay beyond the threshold question of presumptive prejudice. See *Brewington v. State*, 288 Ga. 520, 522-523 (3) (b) (i) (705 SE2d 660) (2011); *Harrison v. State*, 311 Ga. App. 787, 790 (3) (a) (717 SE2d 303) (2011). Here, however, we are unable to conclude that the trial court effectively weighed the length of the delay against the state or in Harris's favor.

[13] *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001) (citation and punctuation omitted).

[14] *Boseman v. State*, 263 Ga. 730, 733 (1) (b) (438 SE2d 626) (1994) (citation omitted).

[15] *Fallen*, supra at 248 (2).

[16] *Hayes v. State*, 298 Ga. App. 338, 344 (2) (b) (680 SE2d 182) (2009) (citation omitted).

prosecutor and the court to bring the case to trial,[17] and the state bears the ultimate responsibility for its dockets.[18] Accordingly, as with the pre-indictment delay, the trial court should have weighed the post-indictment delay against the state, although the reason for that delay was not shown to be more than unintentional and relatively benign.[19]

(iii) *Assertion of the right.* A defendant may benefit from a delay in trial, and we have "recognized that a defendant has a responsibility to assert his right to a speedy trial."[20] Given that more than four years passed from the time of his arrest until Harris asserted his speedy trial rights, the length of that delay would normally be required to be weighed heavily against him.[21] Further, "a defendant may assert his constitutional right to a speedy trial at any time after he is arrested; he need not wait until indictment."[22] Nevertheless, "a trial court has the discretion to mitigate the weight given this factor when a defendant fails to assert his right during the period between arrest and indictment if he was out on bond and without counsel."[23]

Here, the trial court weighed Harris's delay in asserting his speedy trial rights against him, but only slightly, noting as mitigating factors the lengthy delay between the arrest and the indictment and that, once Harris retained counsel, his attorney filed a demand within two months. We find no error in the trial court's analysis and weighing of this factor.[24]

(iv) *Prejudice to the defendant.* In analyzing this last factor, the trial court found a presumption of actual prejudice arising out of the more than five-year pretrial delay. It then considered the three types of prejudice associated with an unreasonable delay before trial, which are oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defendant's defense will be impaired.[25] The trial court concluded that lengthy pretrial incarceration and anxiety were not at issue, and it then considered if Harris's

---

[17] See *Jones v. State*, 283 Ga. App. 838, 840 (2) (642 SE2d 865) (2007).

[18] See *State v. Giddens*, 280 Ga. App. 586, 588 (634 SE2d 526) (2006).

[19] Id.

[20] *Mayfield v. State*, 264 Ga. App. 551, 557 (1) (593 SE2d 851) (2003) (citation and punctuation omitted).

[21] See *Brown v. State*, 287 Ga. 892, 895 (1) (c), 896 (2) (c) (700 SE2d 407) (2010) (co-defendants' respective two- and three-year delays in asserting right to speedy trial weighed heavily against them).

[22] *State v. Pickett*, 288 Ga. 674, 676 (2) (c) (3) (706 SE2d 561) (2011) (citation omitted).

[23] Id. (citation omitted).

[24] See *Hester v. State*, 268 Ga. App. 94, 99 (3) (601 SE2d 456) (2004) (given mitigating factors of the state's delay in indicting the defendant and the delay in appointment of counsel, the trial court could weigh against the defendant her delay in asserting her speedy trial rights, but it could not weigh the factor heavily against her).

[25] *Pickett*, supra at 677 (2) (c) (4).

defense had been impaired by the delay. As the trial court noted, "the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[26]

The record shows that Harris was alleged to have pointed and shot a handgun in the direction of a police officer. At the hearing on the motion to dismiss, Harris proffered that the incident occurred at a hotel formerly known as the Executive Inn, which had later been condemned. Therefore, Harris contends, he is unable to conduct any meaningful investigation. He also points out that although officers took statements from witnesses, the front desk clerk was not interviewed and remains unidentified. The state counters, as the trial court noted, by showing that the hotel building remains accessible and that Harris did not demonstrate what the front desk clerk could have offered on behalf of the defense. Generally, "[t]o prove prejudice due to the unavailability of . . . witnesses, the defendant must show that the unavailable witnesses could supply material evidence for the defense."[27] Giving deference to the trial court's findings, we conclude that it did not err in ruling that Harris did not show actual prejudice. The trial court went on, however, to state, that "Harris has failed to demonstrate actual prejudice" and "[b]ecause the Court weighs this last factor more heavily, [Harris's] Motion is hereby denied."

In a case involving a similarly lengthy pretrial delay, the Supreme Court of Georgia concluded that a defendant's inability to make a particularized showing of a decreased ability to present a defense could not be weighed heavily against him.[28] "Although the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense."[29] Accordingly, "[t]o the extent that the trial court found to the contrary, it was in error."[30]

(c) *Balancing the factors.* The trial court balanced the *Barker* factors by finding the length of the delay "attributable" to the state, weighing the reason for the delay slightly against the state, and weighing the assertion of the right to a speedy trial slightly against Harris. The trial court then noted that Harris had failed to show

---

[26] See *Teasley,* supra at 161 (2) (d) (citation and punctuation omitted).

[27] *Wofford v. State,* 299 Ga. App. 129, 132 (4) (682 SE2d 125) (2009) (citation and punctuation omitted).

[28] *Williams v. State,* 277 Ga. 598, 601 (1) (d) (592 SE2d 848) (2004) (five year pretrial delay).

[29] Id.

[30] Id.

actual prejudice and, weighing this factor "more heavily," denied Harris's motion to dismiss the indictment.

We review the trial court's balancing of the four *Barker* factors, and its ultimate judgment, for abuse of discretion.[31] But "where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished."[32] We find no error in the trial court's findings of fact, but we conclude that the trial court erred in attributing the reason for the delay following the indictment to neither party, in failing to reconsider the length of the delay in applying the four-part *Barker* test, and in weighing heavily Harris's inability to come forward with evidence of actual prejudice to his defense. We conclude that the latter two errors were material in this case. We cannot, however, conclude that the trial court had no discretion to reach a different judgment,[33] particularly given the length of the delay and that Harris's assertion of the right to a speedy trial was mitigated.[34] Therefore, we vacate the judgment and remand the case to the trial court with direction that it exercise its discretion anew and, upon making findings of fact and conclusions of law consistent with *Barker*, enter its written order on Harris's motion to dismiss.[35]

*Judgment vacated and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 2, 2012.

*Jennifer S. Hanson, Bruce S. Harvey,* for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney,* for appellee.

---

[31] *White,* supra.

[32] *Porter,* supra at 533 (4) (e) (citation and punctuation omitted).

[33] See *Pickett,* supra at 679 (2) (d).

[34] Compare *Wilkie v. State,* 290 Ga. 450 (721 SE2d 830) (2012) (affirming denial of speedy trial claim notwithstanding five-and-a-half-year length of delay, noting, among other things, that defendant was "dilatory in asserting his rights").

[35] *Pickett,* supra at 680 (2) (d).