**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 7, 2013**

# In the Court of Appeals of Georgia

A13A1590. THE STATE v. JOHNSON.

MILLER, Judge.

The State charged Holly Johnson by citation in municipal court in May 2010 and then by accusation in State Court in November 2010 with driving under the influence of alcohol to the extent that she was a less safe driver ("DUI less safe" OCGA § 40-6-391 (a) (1)). On February 25, 2013, the trial court granted Johnson's motion for discharge and acquittal based upon her constitutional right to a speedy trial. The State appeals, contending that the trial court misapplied the principles set out in *Barker v. Wingo*, 407 U. S. 514 (92 SCt. 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (112 SCt. 2686, 120 LE2d 520) (1992), which guide a court in consideration of whether a delay in bringing an accused to trial amounts to a denial of her right to a speedy trial. After a thorough review of the

record and the evidence , we affirm the trial court's finding that Johnson's right to a speedy trial was violated.

> In Georgia, the application of these principles to the circumstances of a particular case is a task committed principally to the discretion of the trial courts, and it is settled law that our role as a court of review is a limited one. See *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011). Under our precedents, *we must accept the factual findings of the trial court unless they are clearly erroneous, id., and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion*, even though we might have reached a different conclusion were the issue committed to our discretion. Id. at 533 (2) (e).

(Footnote omitted; emphasis supplied.) *State v. Buckner*, 292 Ga. 390, 391 (738 SE2d 65) (2013).

The record shows that following the issuance of the citation on May 12, 2010, Johnson appeared at least three times in the Municipal Court of Woodstock, where her case was repeatedly reset because she did not have counsel. On October 26, 2010, Johnson, proceeding pro se, filed her request for a jury trial in order to transfer the case to Cherokee State Court and get it resolved. On November 3, 2010, a notice of court date in the State Court of Cherokee County was issued to Johnson to appear on November 18, 2010. On November 18, 2010, the Solicitor General issued an

accusation charging Johnson with DUI, less safe. Because Johnson was in jail in another county on a separate charge, she did not appear on November 18 and a bench warrant was issued.

Apparently in response to letters sent from jail by Johnson and telephone calls from her mother and sister, the state court judge's administrative assistant sent an email to an assistant solicitor on April 20, 2011, stating "[n]eed your help. Ms. Johnson is in the Cobb County Jail - probation revoked. Do we need a production order and bring her here to take care of her case here?" In response, the assistant solicitor indicated that, because Johnson was in bench warrant status, "[t]hat will hold her until she is done her probation sentence, then she'll be brought here. I don't know if I can do a production order, unless there is some special need." According to the assistant solicitor, the "special need" to which he referred was the approval of his boss, the solicitor general. No production order is contained in the record.

On August 15, 2011, while she was incarcerated in Pulaski State Prison on the separate charges, Johnson wrote a letter explaining that she had been in jail when she failed to appear on the DUI charge in this case and "requesting that you assist me either with a plea of absentia or a court date with a production order to clear my case with you so that I may participate in many programs within the prison system that

help to better me as a person and prevent reci[d]ivism." This letter was filed by the clerk. In apparent response to this letter, on August 23, 2011, the state court clerk's office sent Johnson a letter indicating that the clerk did not handle production orders and her request had been forwarded to the solicitor's office. No response from the solicitor's office is contained in the record and no production order was ever issued.

Johnson was incarcerated from November 10, 2010 until September 12, 2012. Upon her release from prison, Johnson, pro se, filed a motion to lift the bench warrant, which was granted on September 27, 2012. An entry of appearance was filed by her attorney on November 30, 2012, and her motion for discharge and acquittal was filed on January 10, 2013.

The Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. Amend. VI. The Georgia Constitution also guarantees criminal defendants the right to a speedy trial (Ga. Const. Art. I, Sec. I, Para. XI (a)), and "[t]he speedy trial right enshrined in the Georgia Constitution is coextensive with the federal guarantee." (Footnote omitted.) *Ruffin v. State*, 284 Ga. 52, 54 (2) (663 SE2d 189) (2008). Constitutional speedy trial claims are analyzed under the framework set forth in the U. S. Supreme Court's decisions in *Barker v. Wingo*, supra, and *Doggett v. United*

4

*States*, supra, which has two stages. *Ruffin*, supra, 284 Ga. at 55 (2). First, the trial court must determine whether the accused has been subjected to a delay that is presumptively prejudicial. If the delay is presumptively prejudicial, the trial court must proceed to the second step of the *Barker-Doggett* analysis which requires "application of a delicate, context-sensitive, four-factor balancing test." Id. These four factors are (i) whether the pretrial delay was uncommonly long; (ii) whether the government or the criminal defendant is more to blame for the delay; (iii) whether, in due course, the defendant asserted the right to a speedy trial; and (iv) whether the defendant suffered prejudice as a result of the delay. *State v. Buckner*, supra, 292 Ga. at 393 (3).

*Presumptive prejudice.*

"The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. A delay approaching one year is sufficient in most cases to raise a presumption of prejudice and to warrant a more searching inquiry." (Citations and punctuation omitted.) *State v. Buckner*, supra, 292 Ga. at 393 (2).

Here, Johnson was arrested in May 2010 and the trial court ruled on her speedy trial motion is February 2013. The State acknowledged and the trial court held that

the period of approximately two years and nine months was presumptively prejudicial. Therefore, we proceed to consider the four-factor balancing test.

1. *Length of the Delay.* Although not separately enumerated, the State argues that the trial court abused its discretion by improperly weighing the length of the delay against the State apart from its analysis of the other factors. We find the trial court's analysis correct.

Here, the trial court found that a delay of almost three years in a misdemeanor case was significant. Because this was a simple DUI case, all the investigation appeared to have been completed at the time of Johnson's arrest. According to the clerk's office, eight terms of court had passed since she filed her request for a jury trial, at least half of which occurred after August 2011. The delay in this case is presumptively prejudicial and, as the trial court found, is considered an uncommonly long delay. "Excessive delay has a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify." (Punctuation omitted.) *Ruffin*, supra, 284 Ga. at 56 (2) (b) (i).

The trial court properly weighed this factor against the State and analyzed it in conjunction with the remaining factors. Id.; *State v. Reid*, 298 Ga. App. 235, 238 (2)

(b) (i) (679 SE2d 802) (2009); *Robinson v. State*, 298 Ga. App. 164, 167 (1) (b) (i) (679 SE2d 383) (2009).

2. *Reason for the Delay.* The State argues that almost the entire delay of Johnson's case going to trial was caused by her own actions and that the trial court abused its discretion by weighing this factor against it. Specifically, the State argues that, because Johnson was imprisoned on other charges during 22 months of the delay in trying her DUI charge, she is therefore responsible for all of that delay. We disagree.

The trial court found that the State did nothing from April 2011 forward to attempt to produce Johnson's appearance for trial or otherwise and attributed that delay to the State. The trial court found that the delay prior to April 2011 was attributable to Johnson because her failure to appear in November 2010 was due to her own admitted actions in committing separate unrelated offenses.

Although the assistant solicitor testified that his office had previously initiated requests for production orders, that practice had ceased and is now left to the court. The State argues that the Solicitor General was not responsible for issuing production orders and, therefore, any delay caused by the failure to issue one is not its fault. This argument clearly overlooks the fact that "the primary burden is on both the prosecutor

7

and the court to bring the case to trial, and the [S]tate bears the ultimate responsibility for its dockets." (Footnotes omitted.) *Harris v. State*, 314 Ga. App. 565, 567-568 (b) (ii) (724 SE2d 864) (2012). Further, "[w]hen a delay is unexplained, it is treated as having been caused by the negligence of the State in bringing the case to trial." (Citations omitted.) *State v. Reid*, supra, 298 Ga. App. at 239 (2) (b) (ii).

Here, the trial court found that, since at least April 2011, the delay in bringing Johnson to trial was due to the State's deliberate choice not to request a production order, but to allow Johnson to serve her sentence and then prosecute her thereafter for the DUI. Although the trial court did not ascribe any intent to deliberately penalize Johnson to the State, it did note that this delay is "some type of official neglect" at a bare minimum, relying on *State v. Shirley*, 311 Ga. App. 141, 143 (3) (b) (714 SE2d 636) (2011).

The State's reliance on *Wilson v. State*, 311 Ga. App. 780 (717 SE2d 300) (2011), to support its argument that the total delay should be weighed against Johnson is unavailing. There, the trial court denied Wilson's plea in bar because, not only did he fail to appear at two scheduled arraignments, but when the case was set for trial, he requested a continuance. Further, the case was tried, resulting in a mistrial and

8

Wilson did not file his claim that he had been prejudiced by the delay until following the mistrial. *Wilson*, supra, 311 Ga. App. at 781.

Based on the foregoing, we find no error in the trial court's finding that the reasons for the delay weighed in favor of Johnson.

3. *Johnson's Assertion of her Right to Speedy Trial.* Although the Sixth Amendment and the corresponding provision of the Georgia Constitution place the burden squarely on the government to ensure accused individuals are brought to trial in a timely manner, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she, unlike so many other criminal defendants, would prefer to be tried as soon as possible." *Ruffin v. State*, supra, 284 Ga. at 62 (2) (b) (iii).

An accused is not required to file a speedy trial demand at the first available opportunity because the "Supreme Court has expressly rejected the demand-waiver approach to the constitutional speedy trial right." (Footnote omitted.) Id. Nor is the accused required to file a formal motion. Id. "Whether a defendant has asserted the right to speedy trial in due course requires a close examination of the procedural history of the case with particular attention to the time, form, and vigor of the

9

accused's demands to be tried immediately." *State v. Shirley*, supra, 311 Ga. App. at 145 (3) (c).

As the trial court found, although it was not a demand for a speedy trial, Johnson, pro se, did request a jury trial in October 2010. Thereafter, from at least April 2011, she attempted to be brought to court and, as soon as she was released from custody, she appeared and had her bench warrant lifted. Further, from at least August 2011, the clerk's office was aware that Johnson wanted to appear and resolve her case. Within two months of her attorney entering his appearance, Johnson's motion for discharge and acquittal was filed.

The trial court noted that Johnson asserted her right to a jury trial early in the process when she filed a request for jury trial in an attempt to resolve her case. While the initial request for a jury trial was not designated as a request for a speedy trial, the trial court found that this omission was mitigated by the fact that Johnson was out on bond and proceeding pro se at that point. The trial court concluded that she timely asserted her right to a trial and that the speedy trial issue was raised appropriately and with due haste, weighing this factor slightly against the State and for Johnson.

We find no error in the trial court's analysis and weighing of this factor. See *State v. Pickett*, 288 Ga. 674, 676 (2) (c) (3) (706 SE2d 561) (2011); *Harris v. State*, supra, 314 Ga. App. at 568 (b) (iii).

4. *Prejudice.* "As the United States Supreme Court has explained, prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect, namely to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired." (Citations and punctuation omitted.) *State v. Buckner*, supra, 292 Ga. at 398 (3) (d).

(a) Although Johnson was incarcerated on other charges, the trial court found that the pending DUI charge did have an impact on her incarceration in that she was not able to participate in certain programs and her inability to do so prolonged her incarceration.[1] We agree.

> With regard to a defendant incarcerated on other charges, the Supreme
> Court of the United States has opined that a delay in bringing such a

---

[1] Although the State argues that Johnson's testimony regarding the effect of the pending charges on her incarceration should be ignored, it cites no authority for this proposition. OCGA § 24-4-8 provides that "[t]he testimony of a single witness is generally sufficient to establish a fact." Also, the State introduced no evidence to contradict Johnson's testimony on this issue.

11

person to trial could aggravate and compound the three concerns of prejudice. Specifically, the Supreme Court has suggested that the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Additionally, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.

(Punctuation and footnotes omitted.) *Johnson v. State*, 313 Ga. App. 895, 904 (2) (d) (i) (723 SE2d 100) (2012).

(b) Regarding Johnson's anxiety and concern, she testified that, because of the pending charges and their impact on her incarceration and her inability to get a trial, she met with the guidance counselor at the prison to discuss her anxiety. Also, one of her children was seeing a counselor following her release from prison and Johnson began talking to this counselor three times a week about her problems getting the DUI charge resolved after the counselor spoke with her child. Johnson noted that, following her release, she was again the caretaker for her children and she was worried about her inability to drive if her license were suspended.

The trial court noted that, had Johnson's DUI case been resolved during her incarceration on the other charges, any license suspension would have run while she was in prison.

We find no error in the trial court's finding that Johnson had provided specific evidence that she did suffer anxiety and concerns while in jail above and beyond those normally suffered by defendants in a pending case. See *State v. Bazemore*, 249 Ga. App. 584, 586 (1) (d) (549 SE2d 426) (2001) (an accused, even if not incarcerated prior to trial, still disadvantaged by restraints on liberty and living under a cloud of anxiety, suspicion, and hostility, and a showing of stress and embarrassment sufficient).

(c) Regarding whether the delay resulted in any impairment of the defense, Johnson produced evidence that the security videotape which would have shown her encounter with the police in front of the Flash Foods on Highway 92 in Woodstock was no longer available, nor could the identity of the clerk working there on the evening of her arrest be determined.[2] Under the factual circumstances of this case, we

---

[2] Police received an unknown trouble call to the Flash Foods at 1:14 a.m. and parked near the side of the building. The officer saw Johnson's vehicle parked in front of the building and Johnson was complaining about where the officer had parked. After going inside the store and finding nothing wrong, the officer returned to Johnson, who had become profane and was acting belligerent. According to the

13

agree with the trial court that Johnson has shown that preparation of her case was greatly harmed by the delay. *State v. Bazemore*, supra 249 Ga. App. at 586-587 (1) (d) (breakup with and ensuing hostility of ex-girlfriend during delay prejudiced Bazemore who intended to call her as witness).

Therefore, we affirm the trial court's weighing prejudice against the State and in favor of Johnson.

Given all of the facts, including the lengthy pre-trial delay, the failure of the State to respond to Johnson's requests for assistance in going to trial, and her assertion of her right to a jury trial, this Court finds that the trial court did not abuse its discretion in finding that Johnson's right to a speedy trial was violated.

*Judgment affirmed. Barnes, P. J.,concurs. Ray, J., concurs in the judgment only.*

---

officer's report, this is when the DUI investigation began.